570 So.2d 209 (1990)
Marva SHORTS
v.
Dr. Mike GAMBINO, et al.
No. 90-CA-420.
Court of Appeal of Louisiana, Fifth Circuit.
November 14, 1990.
*210 Lawrence J. Duplass, Metairie, for defendant/ appellee.
Kern A. Reese, New Orleans, Ilene H. Goldman, Metairie, for plaintiff/appellant.
Before GRISBAUM, DUFRESNE and WICKER, JJ.
WICKER, Judge.
This appeal arises from a judgment sustaining the peremptory exception of prescription filed on behalf of defendant/appellee, Dr. Mike Gambino. From that adverse judgment Marva Shorts (Shorts), plaintiff/appellant, now appeals. We affirm.
The trial judge initially overruled the exception of prescription on July 17, 1989. On August 4, 1989 the defendant filed a motion for rehearing on the exception of prescription. On April 10, 1990 the trial judge sustained the exception of prescription.
On May 2, 1990 plaintiff filed a motion appealing the April 10, 1990 judgment.
Appellant specifies the following errors:
1. The trial judge erred in granting the motion for rehearing and/or new trial, and
2. The trial court erred in sustaining the exception of prescription.
At the outset we note appellant urges the trial court was without jurisdiction to render the judgment of April 10, 1990 wherein he allegedly untimely sustained the exception. Appellant correctly indicates in brief the trial judge had initially overruled the exception on July 17, 1989 and that appellee filed a motion for rehearing on August 4, 1989.
If the motion for rehearing is construed as a motion for new trial it would be untimely. La.C.Civ.P. art. 1974 states:
The delay for applying for a new trial shall be seven days, exclusive of legal holidays. Except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after the judgment was signed.
When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.
La.C.Civ.P. art. 1913 provides in pertinent part:
Except as provided by Article 3307 [Homologation], when a case has been taken under advisement by the court notice of the signing of a final judgment therein shall be mailed by the clerk of court of the parish where the case was tried to the counsel of record for each.
The prescription exception was filed February 23, 1989. The hearing occurred on June 29, 1989. The minute entry reflects the court denied the exception. A judgment denying the exception was rendered July 17, 1989. On August 4, 1989 a motion for rehearing on the exception was filed.
In Levy v. Stelly, 230 So.2d 774 (La.App. 4th Cir.1970), as in the instant case, the trial judge did not sign the judgment in open court but had not taken it under advisement. Additionally, neither party in Levy as in the present case requested notice *211 of judgment. Therefore, the delay for applying for a new trial began to run the day after the judgment was signed. Levy, supra. Thus, if the motion is one for a new trial it is untimely.
Appellee argues since appellant did not object to the grant of the rehearing she is precluded from doing so now. However, the trial judge has no authority to extend the statutory delay for application of a new trial. Baldo v. Thibodeaux, 295 So.2d 866 (La.App. 4th Cir.1974).
However, the granting of a rehearing was actually an allowance on the part of the trial court for Dr. Gambino to reurge his peremptory exception of prescription after the trial judge had previously overruled the exception.
La.C.Civ.P. art. 927 classifies the plea of prescription as peremptory. A peremptory exception "may be raised by the parties at any time prior to the submission of the case at either the trial or appellate court level. La.C.C.P. art. 927; La.C.C.P. art 2163." In Re Ponchatalawa, Inc., 428 So.2d 993, 994 (La.App. 1st Cir.1983).
Based on the above principles of law our brothers in the Fourth Circuit allowed the reurging of the exception after it had previously been overruled. Adam v. Great Lakes Dredge and Dock Company, 273 So.2d 60 (La.App. 4th Cir.1973).
Furthermore, La.C.Civ.P. art. 1152 allows a defendant to:
amend his peremptory exception at any time and without leave of court, so as to either amplify an objection set forth or attempted to be set forth in the original exception or to plead an objection not set forth therein.
For these reasons we find no abuse in the trial judge's discretion in allowing the exception to be reurged.
Appellant contends the trial judge erred in sustaining the exception since Dr. Gambino, an optometrist, is not affected by La.R.S. 9:5628. La.R.S. 9:5628(A) provides:
No action for damages for injury or death against any physician, chiropractor, dentist, psychologist, or hospital duly licensed under the laws of this state, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission or neglect, or within one year from the date of discovery of the alleged act, omission or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect, [emphasis added].
Appellant argues she has sued in contract and is entitled to a ten-year prescriptive period since La.R.S. 9:5628(A) does not apply.
The trial judge reasoned an optometrist is listed as a health care provider in La.R.S. 40:1299.41(A)(1) and accordingly the prescriptive period in La.R.S. 9:5628 applies even though an optometrist is not specifically named in La.R.S. 9:5628.
La.R.S. 40:1299.41(A)(1) lists an optometrist as a health care provider. La.R.S. 40:1299.41(A)(8) defines malpractice in pertinent part as "any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient."
La.R.S. 40:1299.47(B)(2)(a) provides:
A health care provider, against whom a claim has been filed under the provisions of this Part, may raise any exception or defenses available pursuant to R.S. 9:5628 in a court of competent jurisdiction and proper venue at any time without need for completion of the review process by the medical review panel.
Therefore, an optometrist, as a health care provider, is allowed the defenses of La.R.S. 9:5628.
Appellant alleges she became aware of eye problems in November 26, 1983. She filed suit August 21, 1986, almost three years later. The trial judge correctly concluded her claim has prescribed.
Accordingly, for the reasons stated the judgment sustaining the exception of prescription *212 and dismissing plaintiffs, Marva Short's, suit is affirmed at appellant's cost.
AFFIRMED.