829 So.2d 661 (2002)
Hilda Roberta Maestri LANDRY, Individually and as Trustee of The Class Trust Created by Robert S. Maestri
v.
BLAISE, INCORPORATED.
No. 2002-CA-0822.
Court of Appeal of Louisiana, Fourth Circuit.
October 23, 2002.
Rehearing Denied November 15, 2002.
*663 C. Ellis Henican, Jr., and Craig B. Mitchell, Mitchell Ahern, New Orleans, LA, for Plaintiff/Appellant.
Gregory C. Weiss, Julie Hamner Johnston, Terese M. Bennett, Weiss & Eason, L.L.P., and Henry L. Klein, Klein Daigle, LLC, New Orleans, LA, for Appellee.
(Court composed of Judge STEVEN R. PLOTKIN, Judge MIRIAM G. WALTZER, Judge PATRICIA RIVET MURRAY).
Judge MIRIAM G. WALTZER.
Roberta Maetri Landry appeals a judgment granting Blaise, Inc.'s exception of prescription dismissing all claims for repairs under a contract between the parties.

STATEMENT OF FACTS AND HISTORY OF THE CASE
Blaise leased certain real property from the Maestri family in 1949.[1] Blaise agreed to build a parking garage and "to maintain said building in good condition and to make at its own expense, all repairs of any kind, whether ordinary or extraordinary." This lease was for a period of fifty years, commencing in 1949 and ending in 1999. Roberta Landry inherited various interests in the property upon the deaths of her mother and father, in 1960 and 1974 respectively. However, her father's interest in the property was subject to two trusts. In 1991, one trust terminated with the death of the last income beneficiary, with the result being that Roberta Landry became the owner of nearly 78% of the real property and leasehold, and in 1994 Roberta Landry became the trustee of the second trust. However, under the terms of the lease, Blaise built and owned the structure on the Maestri land. Upon termination of the lease in April 2000, ownership of the structure reverted to the owner of the real property, the Maestri family.
In July 1995, Roberta Landry sued Blaise for the cost of repairs to the structure under the lease.[2] Blaise filed a second peremptory exception of prescription. In a prior opinion, this court reversed a judgment of the trial court granting the first exception of prescription and dismissing all claims against Blaise. Landry, at 99-2617, p. 6, 774 So.2d at 191. The trial court granted the second exception, dismissing all claims against Blaise. After a hearing, the trial court found that the garage *664 had needed certain repairs for more than ten years before Landry sued and that Landry knew or should have known of this need for more than ten years before filing suit. Landry appeals arguing that the trial court erred in finding that she knew or should have known of the need for certain repairs more than ten years before filing suit in 1995.
FIRST ASSIGNMENT OF ERROR: Landry argues that the trial court erred in deciding the second peremptory exception of prescription under a theory of either res judicata or law of the case, since the appellate court had overruled the first exception of prescription.
Landry argues that the doctrine of res judicata precludes re-litigation of the issue of prescription. In a prior decision, this court held that the "trial court clearly erred in finding that Roberta's action against Blaise had prescribed when no starting date was established." Landry, at 99-2167, p. 6, 774 So.2d at 191. However, res judicata is designed to prevent relitigation of issues "in any subsequent action." LSA-R.S. 13:4231. Res judicata protects against a "second action." Comment (a) to LSA-R.S. 13:4231. This doctrine does not bar a party in the same action from re-urging an exception.
A peremptory exception may be urged at any time. LSA-C.C.P. art. 928. A party may re-urge a peremptory exception after a denial of the exception. Teachers' Retirement System of Louisiana v. Louisiana State Employees' Retirement System, 456 So.2d 594 (La.1984), Shorts v. Gambino, 570 So.2d 209 (La.App. 5 Cir. 1990), Adam v. Great Lakes Dredge and Dock Company, 273 So.2d 60, 61-62 (La. App. 4 Cir.1973), G.B.F. v. Keys, 29,006, pp. 2-3 (La.App. 2 Cir. 1/22/97); 687 So.2d 632, 634.
Landry argues that the doctrine of law of the case prohibits this court from considering a second exception of prescription in the same case. The law of the case principle embodies the rule that an appellate court will not reconsider its own rulings of law in the same case. Lejano v. Bandak, 97-388, p. 23 (La.12/12/97); 705 So.2d 158, 170. This jurisprudential doctrine, as opposed to the statutory provision of res judicata, is discretionary. The doctrine is not applicable "in cases of palpable error or when, if the law of the case were applied, manifest injustice would occur." Id. (citing Vincent v. Ray Brandt Dodge, 94-291 (La.App. 5 Cir. 3/1/95), 652 So.2d 84, 85, writ denied 95-1247 (6/30/95), 657 So.2d 1034, citing Landry v. Aetna Ins. Co., 442 So.2d 440 (La.1983).)
Having stated these general principles of the doctrine of law of the case, we find no basis for refusing to consider Blaise's second peremptory exception of prescription. On appeal, neither Landry nor Blaise argue that a prior panel of this court erred in its statement of the law. Landry, although arguing the prior opinion is the law of the case, is in essence urging this court to deny Blaise the right to reurge the peremptory exception of prescription. We find Landry's reliance on the doctrine of law of the case to be misplaced.
SECOND ASSIGNMENT OF ERROR: The trial court erred in finding that Landry should have known of the need for repairs more than ten years before she filed suit in 1995.
Landry argues that the trial court erred in granting Blaise's exception of prescription and dismissing her claims. The ten-year prescriptive period applies to this contract dispute. LSA-C.C. art. 3499. Prescription begins to run when it is determined that damage was sustained. Damage is sustained, for purposes of prescription, *665 only when it has manifested itself with sufficient certainty to be susceptible to proof, in a court of justice. Landry, at 99-2167, p. 4, 774 So.2d at 190. This court, in a prior opinion in this matter, found that Blaise had not offered any evidence of the "starting date." Landry, at 99-2167 p. 5, 774 So.2d at 191. At the hearing on the second exception of prescription, Blaise offered the testimony of its employee, Oscar Williams. Williams testified that he had worked for Blaise as a parking attendant in the garage involved in the dispute since 1952, and Blaise built the garage in 1949.[3] Williams testified that the defects for which Landry now seeks damages had existed for more than twenty years. Furthermore, he opined that the defects were open and obvious. Therefore, it would appear that Landry's claims under the contract have prescribed, since she filed suit in 1995, more than ten years after the alleged defects became apparent to Blaise's employee.
However, Landry argues that the doctrine of contra non valentem suspended the prescriptive period, since she neither knew nor should have known of the defects. Contra non valentem prevents the running of liberative prescription: (1) when there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action; (2) when there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting; (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of this cause of action; and (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant. Corsey v. State of Louisiana, Through the Department of Corrections, 375 So.2d 1319, 1321-22 (La.10/8/79). (Emphasis added.)
This principle will not except the plaintiff's claim from the running of prescription if his ignorance is attributable to his own willfulness or neglect; that is, a plaintiff will be deemed to know what he could by reasonable diligence have learned.
Corsey, 375 So.2d at 1322.
Generally, the party urging an exception bears the burden of proof. However, if a claim is prescribed on its face [or the party urging the exception proves that the claim has prescribed], the burden shifts to the plaintiff to prove that the claim has not prescribed. Doskey v. Hebert, 93-1564, p. 8 (La.App. 4 Cir. 9/29/94), 645 So.2d 674, 679.
One of the defenses available to a plaintiff who files suit tardily is the discovery rule embodied in the doctrine of contra non valentem, which suspends the running of prescription during the period in which his cause of action was not known or reasonably knowable to him. The rule provides that prescription does not run against one who is ignorant of the existence of facts that would entitle him to bring suit, as long as such ignorance is not willful and does not result from his own neglect. This does not mean that a lack of actual notice of a cause of action will suspend prescription, as constructive notice is sufficient to commence the running of prescription.
Constructive knowledge or notice sufficient to commence the running of prescription, however, requires more than a mere apprehension that something *666 might be wrong. Prescription will commence only when plaintiff knew or should have known by exercising reasonable diligence that tortious conduct occurred and that certain parties are responsible. As the Supreme Court explained in ..., the language in Cartwright v. Chrysler Corp., [255 La. 597, 232 So.2d 285 (1970)], that "... whatever is notice enough to excite attention and put the owner on his guard and call for inquiry is tantamount to knowledge or notice of everything to which inquiry may lead and such information or knowledge as ought to reasonably put the owner on inquiry is sufficient to start the running of prescription", is an incomplete definition of the kind of notice that will start the running of prescription. As,
[p]rescription will not begin to run at the earliest possible indication that a plaintiff may have suffered some wrong. Prescription should not be used to force a person who believes he may have been damaged in some way to rush to file suit against all parties who might have caused that damage. On the other hand, a plaintiff will be responsible to seek out those whom he believes may be responsible for a specific injury.
When prescription begins to run depends on the reasonableness of a plaintiff's action or inaction ...
Strata v. Patin, 545 So.2d 1180, 1189-90 (La.App. 4 Cir. 6/8/89). [Citations omitted.]
In this case, Blaise proved that the defects existed more than ten years before Landry filed suit in 1995. Landry argues that prescription was suspended until she discovered the defects. The trial court found that Landry should have known of the defects in 1979, when Blaise converted the parking garage to a self-park facility, or at the latest 1982, when Landry filed suit to force Blaise to open the garage during certain special events.
Landry testified that she did not know of the specific defects in the premises until her expert issued his report after she filed this suit. The record contains no evidence to controvert this assertion. In considering the evidence of whether she should have known at an earlier date, we believe the trial court erred in finding that Landry should have known of the defects in either 1979 or 1982. In both 1979 and 1982, Landry owned less than 12% of the real property and leasehold outright, and the remaining ownership interest was subject to two trusts and managed by a third party trustee. Landry testified that she had nothing to do with managing the property. Moreover, Landry testified that the lawsuit in 1982 concerned the revenue generated from the property, not the condition of the structure. Moreover, we find most persuasive the contract between the parties. Although the lease obligates Blaise to make repairs, it does not grant to the Landry family any right to inspect the structure. The record contains no evidence that parties to the lease believed that the Landry's ownership interest, less than 12 % in 1982, in the property and the leasehold entitled her to inspect the property. The Landrys did not own the structure in either 1979 or 1982. Whether a right to inspect the structure is implied by the contract or the parties' course of conduct is not before this court, since the record contains no such evidence. The record contains no evidence from which a reasonable factfinder could have concluded that Landry knew or should have known of the need for repairs before 1985.
CONCLUSION
We find that the trial court erred by concluding that Landry should have known *667 of the building's need for repairs before 1985. Thus, we reverse the judgment dismissing the suit and sustaining the peremptory exception of prescription. The matter is remanded for further proceedings. All costs of this appeal are assessed to appellee.
REVERSED.
NOTES
[1] The facts of this dispute were reported in a prior opinion of this court. Landry v. Blaise, Inc., 99-2617 (La.App. 4 Cir. 8/2/00), 774 So.2d 187, writ denied 2000-2820 (La.12/8/00), 776 So.2d 469.
[2] Landry also sued William Moore, the current owner of Blaise, Inc., but these claims have not been made a part of this appeal. Moreover, Blaise filed a reconventional demand for which we find no resolution in the record. The parties have not argued that the appeal is subject to dismissal pursuant to LSA-C.C.P. art 1915.
[3] At the time of the hearing, Williams worked for the New Orleans Athletic Club. William Moore owned both Blaise and the New Orleans Athletic Club.