ALVIN RAYBURN
v.
AREA WHOLESALE TIRE COMPANY, INC.
No. 2009 CA 0092
Court of Appeals of Louisiana, First Circuit.
September 14, 2009.
Not Designated for Publication
MICHAEL L. HEBERT, Attorney for Plaintiff/Appellant-Alvin Rayburn
P. SCOTT JOLLY, Attorney for Defendant/Appellee-Area Wholesale Tire Company, Inc.
BEFORE: PARRO, KUHN, and McDONALD, JJ.
McDONALD, J.
On October 25, 2002, Alvin Rayburn was standing in the parking lot of the Lakeland Hardware Store in Lakeland, Louisiana, when he was hit by a delivery truck from Area Wholesale Tire Company, Inc. On October 23, 2003, Mr. Rayburn filed a suit for damages against Area Wholesale Tire Company.
On April 10, 2008, Area Wholesale Tire Company filed an ex parte motion to dismiss the suit as abandoned, asserting that the last step in the prosecution or defense of the case occurred on March 15, 2005, which was the deposition of Dr. Thad Broussard, and that more than three years had passed, and thus, Area Wholesale Tire Company was entitled to an order of dismissal. Attached to the motion was an affidavit by the attorney for Area Wholesale Tire Company, confirming that no steps had been taken for a period of three years in the prosecution or defense of the action. Thereafter, on April 16, 2008, the trial court signed an order dismissing the case due to abandonment for lack of prosecution.
Mr. Rayburn filed a motion to reinstate the case, asserting that after the deposition of Dr. Broussard on March 15, 2005, there was off-the-record documentation between plaintiff's attorney and Our Lady of the Lake Regional Medical Center (which is not a party to this suit), regarding a claim for treatment of Mr. Rayburn, and also correspondence from defendant's attorney to plaintiff's attorney, all of which should be deemed steps in the prosecution of the matter. The trial court denied the motion with prejudice. Mr. Rayburn is appealing the September 17, 2008 judgment that denied his motion to reinstate.
The pertinent facts are undisputed, and the issues are limited to questions of law. Appellate review of issues of law is simply to determine whether the trial court's judgment was legally correct. Appellate courts owe no deference to the legal conclusions of the trial court. Compensation Specialties, L.L.C. v. New England Mutual Life Insurance Company, XXXX-XXXX, p. 4 (La. App. 1 Cir. 2/13/09), 6 So.3d 275, 278, writ denied, XXXX-XXXX (La. 4/24/09), 7 So.3d 1200.
Louisiana Code of Civil Procedure article 561 provides in pertinent part:
A. (1) An action ... is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years ....
(3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292 ....
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
The documents relied upon by Mr. Rayburn were not filed into the record and were not formal discovery requests properly served upon the parties. The documents were off-the-record correspondence between plaintiff's attorney and a non-party to the case, and also informal letters from defendant's attorney to plaintiff's attorney, which addressed the issue of moving the case forward.
Thus, for the foregoing reasons, we affirm the trial court judgment denying the motion to reinstate the case. Costs are assessed against Mr. Rayburn. This judgment is issued in accordance with the Uniform Rules, Courts of Appeal, Rule 2-16.1.B.
AFFIRMED.