ROBERT M. MURPHY, Judge.
hPlaintiff, Pauline Herrera,, appeals from a parish court ruling, following, trial on the merits, that her claim was prescribed in this auto accident case. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY

This matter comes before us for the second time on appeal. In plaintiffs first appeal, Herrera v. Gallegos, 13-204 (La.App. 5 Cir. 10/09/13), 128 So.3d 306, we summarized the underlying facts and relevant procedural history as follows:
On May 8, 2008, Ms. Herrera filed a Petition for Damages against Appellees, alleging her 2003 Nissan Xterra was struck by a vehicle operated by Ms. Gallegos on May 8, 2007, at approximately 3:00 p.m. Ms. Herrera alleged her vehicle was struck as she attempted to exit a private parking lot :onto *166 Williams Boulevard by Ms. Gallegos as she was reversing into the same parking lot from Williams Boulevard in order to avoid oncoming traffic. In response to Ms. Herrera’s petition, Appellees filed an Exception of Prescription and Answer to Petition for Damages on June 25, 2008- In -the exception, Appellees alleged the subject accident occurred on May 7, 2007, and Ms. Herrera’s lawsuit was filed beyond the one-year prescriptive period.
A hearing on the exception of prescription was held on November 3, 2008. No exhibits were admitted into evidence. During the hearing, the trial judge suggested that the best way to find out the date of the accident would be to call the Kenner Police Department. The trial judge overruled the exception from the bench on the basis that there was a lack of sufficient evidence. The trial judge informed Appellees , that they could re-urge the exception. The trial court rendered a written judgment overruling the exception on December 2, 2008. Appel-lees filed a Motion for Re-Hearing on liiException of Prescription on March 23, 2009. The hearing for the motion was held on April 21, 2009, in which no evidence was introduced or admitted. The trial court denied the motion on May 22, 2009. Appellees filed a-supervisory writ •application on June 18, 2009. On the showing made, this Court, in Prndine Herrera v. Beatrice Gallegos and USA-gencies Camalty Insurance Company, 09-442 (La.App. 5 Cir. 6/15/09) (unpublished writ), denied Appellees’ writ ap- . plication'on July 1, 2009.
On July 26, 2010, Appellees filed a second Exception of Prescription. In the exception, Appellees alleged that the accident .was reported on May 7, 2007, according to the Kenner Police Department’s call log and an affidavit from the custodian of records. Thus, Appellees contended the filing of Ms. Herrera’s lawsuit on 'May 8, 2008 was untimely. The- matter was heard on August 31, 2010. No exhibits were admitted into evidence. At the hearing, the trial judge overruled Appellees’ exception and informed their attorney that she could raise the exception again at trial. The trial court rendered a written judgment on October 12, 2010, overruling Appellees’ exception.'
Appellees filed a Motion to Re-urge Exception of Prescription on November 21, 2012. The hearing on the exception was held on January 14, 2013. No evi-denee was admitted at the hearing. At the hearing, the trial judge sustained the exception based upon the affidavit from the Kenner Police Department. In its written judgment rendered on January 24,2018, the trial court sustained Appel-lees’ exception and dismissed Ms. Herrera’s lawsuit with prejudice.
Id. at 307-808. In plaintiffs prior appeal, we reversed the trial court’s ruling that dismissed her lawsuit, based upon our finding that the trial court had considered documentation which had not formally been admitted into evidence.[1]
*167 ■> After remand, this ease proceeded to trial on October 8,2014. At the conclusion of trial the court found in favor of defendants, Beatrice Gallegos and USAgencies Casualty Insurance Company[2], based upon documentation from the Kenner. Police Department (“KPD”) introduced into evidence[3] that the accident Informing the basis of the lawsuit occurred on May 7, 2007, and not May 8, 2007. Accordingly, the trial court held that plaintiffs petition, filed on May 8, 2008, was untimely filed and therefore her claim had' prescribed. The instant appeal followed.

DISCUSSION

On appeal, plaintiffs sole assignment of error is that “The Trial Court erred when it found in favor of defendants and against Herrera after the .trial on the merits.” Conversely, defendants contend, in summary, that their exception of prescription was properly before the trial court and timely considered, and that the evidence introduced supports the trial, court’s finding that the plaintiffs, claim had prescribed.

Preliminary issue

Plaintiff asserts that the trial court erred in considering the exception of prescription, because the prescription issue had been raised and denied prior to trial “on multiple occasions”[4] by this court and the trial court, and because' defendants “did not raise an exception of prescription again prior to, during or after a trial on the merits.”[5] (Emphasis added.) ■
An exception of prescription is a peremptory exception, which a defendant may raise at any time, including on appeal or after the close of evidence, but prior to the submission of the ease after trial. LSA-C.G.P. arts. 027 and 928(B). This Court has specifically held that a party may 're-urge a peremptory exception of prescription after the exception has initially been denied by the trial court. For example, in Shorts v. Gambino, 570 So.2d 209 (La.App. 5 Cir.1990), the trial court initially denied defendant’s peremptory exception of prescription on July 17, 1989. On August 4; 1989, the defendant' filed a‘ motion for rehearing on the - exception of prescription. On April 10, 1990, the trial judge sustained the|fiexceptiori of prescription. On appeal, this' Court found that the granting of a rehearing “was actually an allowance on the part of the trial court” based upon La. C.G.P. art. 927, which provides that a defendant is allowed to “amend his peremptory exception at any time and without leave of court, so as to either. amplify an objection set forth or attempted to be set forth in the original exception or to plead, an objection not set forth therein.” Id. at 210.
In Landry v. Blaise, Inc., 02-0822 (La.App. 4 Cir. 10/23/02), 829 So.2d 661, reh’g denied, 02-0822 (La.App. 4 Cir. 11/15/02), the Fourth Circuit reviewed the granting of an exception of prescription for the second time on appeal. In a prior opinion *168 involving the same case[6], the Fourth Circuit reversed a judgment of the trial court that had granted the first exception of prescription and dismissed all claims-against the defendant.- In a subsequent proceeding, the trial court granted a second exception of prescription filed by the defendant. In the plaintiffs second appeal, the plaintiff argued that the' doctrine, of res judicata precluded re-litigation of the issue of prescription and further precluded the appellate court from considering a second exception of prescription in the case. In finding these arguments to be without merit, the Fourth Circuit rea-, soned: ■
A peremptory exception may be urged at any time. . LSA-C.C.P. art. 928.. Á party may re-urge a peremptory exception after a denial. of the exception. Teachers’ Retirement System of Louisiana v. Louisiana State Employees’ Retirement System, 456 So.2d 594 (La.1984), Shorts v. Gambino, 570 So.2d 209 (La.App. 5 Cir.1990).
Landry argues that the doctrine of law of the case prohibits this court from considering a second' exception' of prescription in the same case. The law of the case principle embodies the rule that an appellate court will not reconsider its own rulings of law in the same case. Lejano v. Bandak, 97-388, p. 23 (La.12/12/97); 705 So.2d 158, 170. This jurisprudential doctrine, as opposed to the statutory provision of res judicata, is discretionary. The doctrine is not applicable “in cases of palpable error or when, if the law of the case were applied, manifest injustice would occur.” Id. (citing Vincent v. Ray Brandt Dodge, 94-291 (La.App. 5 Cir. 3/1/95), 652 So.2d 84, 85, writ 5denied, 95-1247 (6/30/95), 657 So.2d 1034, citing Landry v. Aetna Ins. Co., 442 So.2d 440 (La.1983)).
Having stated these general principles of the doctrine of law of the case, wé find no basis for refusing to consider Blaise’s second peremptory exception of prescription. On appeal, neither Landry nor Blaise' argue that a prior panel of this court erred in its statement of the law. Landry, although arguing the pri- or opinion is the law of the case, is in essence urging this court to deny Blaise the right to ré-urge the peremptory exception of prescription. We find Landry’s reliance on the doctrine of law of the case to be misplaced.
Id. at 664. (Citation omitted).
The record _ in this case shows that defendants filed an exception of prescription at the same time as their answer to plaintiffs petition for damages.[7] As *169 stated above, the last time that defendants urged their exception of prescription, approximately one year prior to trial, the trial court granted the exception. However, this court reversed and remanded on the basis that evidence in support had not been formally introduced. As in Shorts, supra, we do not find that defendants in this case were precluded from re-urging their exception of prescription following previous denials by the trial court[8]. The record in this case shows that’ the trial court specifically reserved appellee’s, right to raise the issue of ^prescription at' trial.[9] Also, because defendants filed separate peremptory' exceptions of prescription after the denial of the exception of prescription which was pled in their answer, to plaintiffs petition, the trial court was permitted to consider the merits of the'exception “on the trial of the case” as per La. C.C.P. 929(B).[10] Accordingly, although the trial court ultimately ruled upon the issue of-prescription as part of a bench trial on the merits, we- find no error in the trial court’s actions in doing so. As in Landry, supra, we also do not find that this Court is precluded from addressing the issue of prescription simply because this is the second time we have considered the issue on appeal.
We next consider the merits of plaintiffs assignment of error that the court erred in ruling in the defendant’s favor following trial.
In reviewing a peremptory exception of prescription, the standard of review requires an appellate court to determine whether the trial court’s finding of fact was manifestly erroneous. Adams v. Grefer, 11-1157 (La.App. 5 Cir. 9/11/12), 99 *170 So.3d 1083, 1086, writ denied, 12-2707 (La.2/8/13), 108 So.3d 91, citing Taranto v. Louisiana Citizens Property Ins. Corp., 10-0105 (La.3/15/11), 62 So.3d 721, 726. Although, the factfinder is afforded deference, appellate courts have a duty to review, the facts. Id., citing State, Dept. of Transp. and Development v. Lauricella Land Company, L.L.C., 10-790 (La.App. 5 Cir. 4/28/11), 65-So.3d 712.
|/The record reflects that defendants introduced evidence and elicited testimony at trial to establish that plaintiffs claim was prescribed. Defendants argued that the accident at issue occurred on May 7, 2007, but that plaintiffs petition was not filed until May 8, 2008, over one year later.[11] At trial, the parties stipulated[12] to the introduction of Defendant’s Exhibits 1, 2, and 3, which consisted of an incident report from the KPD, an affidavit confirm-tag the authenticity thereof, and a computer generated document from the KPD indicating that the accident was reported on May 7, 2007. . On, direct examination, plaintiff testified that,she called the police following the accident. In connection with plaintiff’s testimony, plaintiffs counsel introduced a property damage estimate from State,Farm,which listed the date of the accident as May 8th.[13] Plaintiff, next identified a check for medical expenses paid to her by. State Farm that referenced an accident date of May 8th.[14] Plaintiff further identified a letter that she had received from USAgencies which denied her claim. The “accident date” identified on that letter was also May 8th.[15]
On cross examination, plaintiff testified that the date which appears on the State Farm and ,U.S. Agencies documents[16] is one that plaintiff, herself, provided to *171 |flthose two entities. When plaintiff was asked why she had given an accident date, of May 5th to a medical provider approximately four months after, the accident, she admitted that she truly did not know the date on which the accident occurred. Plaintiff acknowledged that the KPD, report showed that the accident date was May 7th; however, she stated, that she did not pay attention to what date was on the police report, nor did she subsequently advise KPD of an incorrect date.
On re-direct examination, plaintiff testified that she remembered that the date of the accident was May 8, 2007.
At the conclusion of trial, the court stated:
THE COURT:
—I think the evidence that I have to look at that is totally unbiased, is [sic] The Police report, and The Police Instruments. This accident did occur on May 7th, in my opinion, and not May 8th. I think that the claim has prescribed.
In this case, the trial court was presented with evidence of the KPD’s accident report, which provided a May 7, 2007 date for the accident. Plaintiff herself could not .say with certainty on what date the accident occurred, but did not refute the KPD report. In support of her contention that her claim had not prescribed, plaintiffs counsel referred the court to the petition for damages, the State Farm property damage estimate, the check- paid to Herrera from State Farm- for medical treatment, and the correspondence from USA-gencies, all of which indicated plaintiffs “date of loss”[17] from the accident as May 8, 2007. Plaintiff now hflcontends where there were “conflicting constructions of the accident date” the trial court should have resolved the issue of prescription in favor of maintaining her lawsuit.
Based upon our review of the record and the evidence contained therein, we cannot say that the trial court’s finding that the accident in question occurred on May 7, 2007, is manifestly erroneous. The only support offered by appellant that- her claim was not prescribed were documents that referenced an accident date of May 8, 2007, a date that she, herself, had provided to the respective insurance companies.[18] In contrast, the May 7, 2007 accident date recorded on the KPD documentation, introduced into evidence by stipulation of the parties, was not found to be inaccurate by the trial court. If the trial court’s factual findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse. Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, 1112 (La.1990). Consequently, when there are two *172 permissible views of the evidence, the fact-finder’s choice between them cannot be manifestly erroneous. Stobart v. State, Through Department of Transportation & Development, 617 So.2d 880, 883 (La.1998); Sistler, 558 So.2d at 1112.
Accordingly, based upon our review of the record, we do not find that the trial court committed manifest error in dismissing plaintiffs claim against defendants as prescribed.
| ^Because of our finding that the trial court did not err in finding plaintiffs claim prescribed after trial on the merits, we will pretermit discussion of plaintiffs claim related to an award of damages.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED

JOHNSON, J., dissents with reasons.

. Specifically, this Court opined in plaintiffs first appeal:
Upon our review of the record in this matter, we determine that Appellees failed to formally admit any evidence in support of their exception of prescription. The call log and affidavit relied upon by the trial court were never introduced or admitted .into evidence.. Consequently, there was no properly admitted evidence in support of Appellees’, position for the trial court to consider. Ultimately, Appellees failed to carry their burden that Ms. Herrera’s lawsuit was untimely filed, and the burden never shifted to Ms. Herrera to prove the accident occurred oh May 8, 2007. Since there was an absence of evidence, the trial court should have decided the exception of *167 prescription on the facts alleged in the petition and accepted the allegation that the accident occurrod on May 8, 2007 as true. Id. at 309-310. ■.'

. The record reflects that Ms, Gallegos died prior to trial. For the purposes of this opinion, however, we will refer to her and'USA-gencies Casualty Insurance Company together as “defendants,”

. As will be discussed, infra, evidence introduced at trial on the merits, by stipulation with the plaintiff, 'consisted of an incident report from the KPD, an affidavit confirming the authenticity thereof, and a computer generated document from the KPD indicating the date of the accident at’ issue as May 7, 2007. (Trial transcript, p. 25).

. See Appellant’s Brief, p. 5.

. See Appellant’s Brief p. 6.

. Landry v. Blaise, Inc., 99-2617 (La.App. 4 Cir. 08/02/00), 774 So.2d 187, writ denied, 00-2820 (La. 12/08/00), 776 So.2d 469.

. While a court may not supply an exception of prescription, as per La. C.C.P. 927(B), several appeals have touched on the issue of whether a trial court may address the issue of prescription as an affirmative defense at trial when it has been pleaded by a defendant prior to trial in an answer to plaintiffs petition.
La. C.C.P. Art. 1005 provides:
The answer shall set forth affirmatively negligence, or fault of the plaintiff and others, duress, error or mistake, estoppel, extin-guishment of the obligation in any manner, failure of consideration, fraud, illegality, injury by fellow servant, and any other matter constituting an affirmative defense. If a party has mistakenly designated an affirmative defense as a peremptory exception or as an incidental demand, or a peremptory exception as an affirmative defense, and if justice so requires, the court, on such terms as it may prescribe, shall treat the pleading as if there had béen a proper designation.
In Firmin, Inc. v. Denham Springs Floor Covering, Inc., 595 So.2d 1164, 1171 (La.App. 1 Cir.1991), the defendant pleaded prescription with its answer to the petition, but the exception was not considered prior to. trial. *169 In that case, the first circuit found that the trial court erred in ruling against the'defendant on its affirmative defense of prescription. See Mid-South Fire Prot., Inc. v. Happy Haven Homes, Inc., 2009 0611 (La.App. 1 Cir. 09/11/09), 17 So.3d 521, "Prescription will not bar judicial enforcement, of an obligation unless affirmatively pleaded by the defendant.” See also, John G. Maroney Consulting Engineers, Inc. v. A.L. Rowan & Son, 476 So.2d 918 (La.App. 2 Cir.1985), "While prescription is usually asserted as a peremptory exception, it is also an affirmative defense.”
In this case, while defendants did specifically plead exception as a peremptory exception, defendants also pleaded exception as an affirmative defense in paragraph four of its answer, "Plaintiffs cause of action is prescribed because her lawsuit was not timely filed.” Accordingly, we find that the trial court’s consideration of the prescription issue at trial on the merits was proper, because it was a valid affirmative defense to plaintiffs claims.
As will be discussed herein, we also find that the prescription issue was properly considered at trial as a peremptory exception.

.See the Facts and Procedural History section of this opinion, supra, for a detailed time-line of when defendant's exception of prescription had previously been denied.

. Herrera, supra, at 307-308.

. La. C.C.P. art. 929(B) provides, in relevant part, "If the peremptory exception has been filed after the answer, but at or prior to the trial of the case, it shall be tried and disposed of either in advance of or on the trial of the case."
As explained in the 1997 Louisiana Official Revision Comments La. C.C.P. art, 929:
(a) This amendment provides that if the exceptions are filed before or in the answer they shall be decided before trial and if the peremptory exception is filed after the answer it may be tried before or at trial. This reflects the change made in Article 928.
(Emphasis added,)
(b) While the practice of referring peremptory exceptions to the merits has sometimes been criticized by the supreme court, Jennings v. Vickers, 31 La.Ann. 679 (1879), Farmer v. Hafley, 38 La.Ann. 232 (1886), Zerega v. Percival, 46 La.Ann. 590, 15 So. 476 (1894), later cases have recognized the discretion of the trial judge to refer the exception to the merits rather than attempt to dispose of it prior to the trial of the case. Saint v. Martel, 123 La. 815, 49 So. 582, 586 (1909). (Emphasis added).

. It is not contested that the petition in this matter was filed on May 8, 2008.

. As noted by this Court in Parish of St. Charles v. R.H. Creager, Inc., 07-676 (La.App. 5 Cir. 02/06/08), 975 So.2d 742, 747-748, reh’g denied, 07-CA-676 (La.App. 5 Cir. 03/10/08), writ denied, 08-0777 (La.6/6/08), 983 So.2d 918:
A stipulation has the effect of a judicial admission or confession, which binds all parties and the court. Stipulations between the parties in a specific case are binding on the trial court when not in derogation of law. Such agreements are the law of tire case. It is well-settled that a stipulation amounts to full proof against those who made it. It has the effect of withdrawing a fact from issue and disposing wholly with the need for proof of that fact.
Even if we were to find that plaintiffs agreement to introduce the KPD records “in lieu of The Officer coming here and testifying live," as shown in the trial transcript, did not rise to the level of a stipulation, plaintiff did not object to the admission of such evidence and is therefore estopped from challenging its admission on appeal. La. C.E. art. 103. Burgard v. Allstate Ins. Co., 04-1394 (La.App. 5 Cir. 05/31/05), 904, So.2d 867, writ denied, 05-1743 (La.01/13/06), 920 So.2d 240.

. This document was offered into evidence at trial as Exhibit P2.

. This document was offered into evidence at trial as Exhibit P3.

. This document was offered into evidence at trial as Exhibit P4, with .defendant’s stipulation that the letter indicated that the accident date was listéd as May 8th.

. Although Herrera was not specifically asked whether “the date" referenced by defense counsel referred to the accident date, in . context it appears that the accident date was the subject of the questions.
MR. DONOVAN:
... Did State Farm the May 8th date [sic], is the date that you gave, is that fair? PLAINTIFF:
Yes.
MR. DONOVAN:
The May 8th date, that appears on The U.S. Agencies [sic] document, is the date you gave them?
PLAINTIFF:
Yes,
*171 (Trial transcript., p. 34).

. Although plaintiff does not provide a definition for "date of loss,” it appears that this phrase is used interchangeably with the word "accident” in her Appellant Brief. We note that the term “date of loss” as used in insurance contracts and interpreted by some Louisiana courts, typically coincides with an act or event that triggers coverage from an insurance provider. For example, in Maurice v. Prudential Ins. Co., 02-0993 (La.App. 4 Cir. 10/23/02), 831 So.2d 381, which pertained to review of a summary judgment, the Fourth Circuit found a plaintiff’s claim for hail damage to his home to be prescribed when the claim was brought over one year from the date of loss, i.e„ the actual date of the hailstorm. Similarly, in Wolfe World, LLC v. Stumpf, 10-0209 (La.App. 4 Cir. 07/07/10), 43 So.3d 311, writ denied, 10-1834 (La. 10/29/10), 48 So.3d 1092, which reviewed the ruling on a motion for summary judgment, the Fourth Circuit determined that the date of loss for plaintiffs alleged property damage occurred on August 25, 2006, when rain entered his building during the construction of a new roof. We refer to these cases solely for illustrative purposes and not precedential value.

. Plaintiff made this admission on cross examination -at trial. See Footnote 6, supra.