# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 25-746

**MASON WAYNE MORRIS**

**VERSUS**

**JASMINE SHARELL MORRIS**

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 278,631
HONORABLE DAVID MICHAEL WILLIAMS, DISTRICT JUDGE

**********

**WILBUR L. STILES
JUDGE**

**********

Court composed of Sharon Darville Wilson, Guy E. Bradberry, and Wilbur L. Stiles, Judges.

**REVERSED AND REMANDED.**

**Michael H. Davis**
**Law Office of Michael H. Davis**
**2017 MacArthur Drive**
**Building 4, Suite "A"**
**Alexandria, LA 71301**
**(318) 445-3621**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
       **Mason Wayne Morris**

**Kenneth A. Doggett, Jr.**
**Attorney at Law**
**1100 Martin Luther King Drive**
**Post Office Drawer 13498**
**Alexandria, LA 71301**
**(318) 888-3644**
**COUNSEL FOR DEFENDANT/APPELLEE:**
       **Jasmine Sharell Morris**

**STILES, Judge.**

Appellant, Mason Wayne Morris, filed in Rapides Parish, Louisiana, a Petition to Make Foreign Judgment Executory in which he asked the trial court to make executory in the State of Louisiana the final decree of divorce and custody rendered by the circuit court in Dekalb County, Alabama. The trial court denied and dismissed Mason's petition by judgment signed on May 12, 2025. Mason appeals. For the following reasons, we reverse and remand the matter to the trial court.

## ISSUES

The matter before us is a custody dispute between Mason and Jasmine Morris involving their daughter, Madeline Morris, who was born on April 28, 2020.[1] At the center of the dispute is whether the State of Alabama or the State of Louisiana has subject matter jurisdiction over the custody proceedings. In dismissing Mason's petition to make the Alabama divorce and custody decree executory in the State of Louisiana, the trial court held that the State of Alabama did not have jurisdiction pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). Mason has appealed that judgment, asserting the following assignments of error:

A. The trial court erred in not allowing the Alabama judgment of custody to [be] made executory in the State of Louisiana.

B. The trial court erred in not considering the Exception of Res Judicata filed by Mason Wayne Morris and finding the issues of jurisdiction over the subject matter and custody are *res judicata*.

---

[1] We note that her birthdate was in incorrectly stated as April 20, 2020 in the previous opinion of this court under docket number 24-705.

# FACTS AND PROCEDURAL HISTORY

This court previously considered the issue of which state has jurisdiction over the custody dispute in docket number 24-705 when Jasmine appealed the trial court's denial of her petition for custody. The opinion rendered by the previous panel in 24-705 on April 30, 2025, contains the same facts and procedural history which form the basis of this appeal. We have thus reproduced those facts below:

> Madeline Morris was born on April 20, 2020, in Louisiana. Her parents, Mason and Jasmine, were not married at the time of Madeline's birth and did not live together. Mason and Jasmine married on March 23, 2021, in Fort Polk (now Fort Johnson), Louisiana. After Madeline's birth, Mason was deployed to Texas for nine months and to Kuwait and Qatar for seven months in 2021.

> The parties lived together on base after they married, but Mason alleges that he maintained his domicile in DeKalb County, Alabama, while he was in the military. Mason and Jasmine separated on April 28, 2023. Prior to the separation, Madeline had been enrolled in daycare in Alabama for weeks at a time beginning in July of 2020. Mason left the military in April of 2023 and returned to Alabama.

> Jasmine alleges that on May 28, 2023, she brought Madeline to meet Mason's mother, Stacy Vaughn, at a halfway point between Alabama and Louisiana with the agreement that Madeline would be returned to Jasmine in August. Mason allegedly refused to return Madeline and filed a complaint for divorce in the circuit court of DeKalb County, Alabama, on August 2, 2023. Jasmine filed a motion to dismiss the Alabama case for lack of subject matter jurisdiction. That motion came for hearing on August 25, 2023, and was denied by judgment signed on August 25, 2023, by Judge Andrew Hairston (Judge Hairston). A custody hearing was set for December 12, 2023.

> Jasmine had an overnight visit with Madeline after the August 25, 2023 hearing, with the understanding that she would return Madeline to Mason's custody the next day. Instead, she took the child and returned to Louisiana. Jasmine did not appeal the denial of her motion to dismiss and did not participate in the custody hearing, which proceeded as scheduled on December 12, 2023.

> By judgment signed December 13, 2023, Judge Hairston granted a divorce from Jasmine and sole legal and physical custody of Madeline to Mason. The judgment also set out a visitation schedule and ordered Jasmine to pay child support in the amount of $693.00 per month. On December 20, 2023, Mason filed a petition seeking to have the Alabama

judgment made executory in the Ninth Judicial District Court for the Parish of Rapides, State of Louisiana. In response, Jasmine filed an opposition and a petition for custody. She alleged that the Alabama court lacked subject matter jurisdiction because Madeline never resided in Alabama for six months or longer and that she had not been served with notice of the December 12, 2023 court date. Mason then filed a peremptory exception of res judicata, an exception of lack of subject matter jurisdiction, and a motion to dismiss Jasmine's petition for custody. The motion to dismiss alleged that there were simultaneous proceedings in DeKalb County, Alabama.

Mason's exceptions and motion to dismiss, as well as Jasmine's motion to compel discovery responses, came for hearing on August 27, 2024. On September 9, 2024, the trial court signed a judgment finding that the Alabama court had subject matter jurisdiction and dismissing both Jasmine's petition for custody and her petition to modify custody. The judgment stated that Judge David Michael Williams (Judge Williams) of the Ninth Judicial District Court, State of Louisiana, and Judge Hairston had conferred in accordance with La.R.S. 13:1818 and concurred that DeKalb County, State of Alabama, has subject matter jurisdiction over Madeline's custody. The judgment went on to deny Mason's exceptions of res judicata and lack of subject matter jurisdiction as moot but noted that said objections may be re-urged at the hearing on Mason's petition to have the Alabama judgment made executory.

Jasmine appealed. Mason answered the appeal and asked this court to amend the judgment to grant his exceptions of res judicata and lack of subject matter jurisdiction.

*Morris v. Morris*, 24-705, pp. 2–4 (La.App. 3 Cir. 4/30/25), 411 So.3d 884, 886–87

(footnote omitted).

The previous panel noted that "[a] hearing on Mason's petition to make the Alabama judgment executory was held on September 12, 2024." *Id.* at 887. The trial court took the matter under advisement, and a copy of the transcript was filed in the record of 24-705.

At the time of the September 12, 2024 hearing on Mason's petition to make foreign judgment executory, Jasmine had not yet appealed the trial court's September 9, 2024 judgment. Her motion for appeal was granted on September 23,

3

2024. As noted by the previous panel in 24-705, Jasmine asserted the following on appeal:

> [T]he trial court erred in granting Mason's motion to dismiss pursuant to La.R.S. 13:1818 because there were no "simultaneous proceedings" in Louisiana and Alabama at the time she filed her petition for child custody in the Ninth Judicial District Court of Louisiana. She further assert[ed] that "Alabama did not have jurisdiction that substantially conformed with the [Uniform Child Custody Jurisdiction and Enforcement Act,] UCCJEA."

*Morris*, 411 So.3d at 886.

Jasmine specifically asserted in her appeal in 24-705 that the trial court in the Ninth Judicial District Court of Louisiana erred in finding that the State of Alabama had jurisdiction over the custody proceedings of Madeline. Consequently, once this court's jurisdiction attached on the granting of Jasmine's motion to appeal, the trial court was divested of jurisdiction over the issue of which state had subject matter jurisdiction over the custody proceedings. La.Code Civ.P. art. 2088.

Despite being divested of jurisdiction over the issue of subject matter jurisdiction of the custody proceedings, the trial court continued to review the parties' post-trial briefs filed after the September 12, 2024 hearing and after the granting of Jasmine's appeal on September 23, 2024. The trial court then rendered written reasons for judgment on January 17, 2025, while Jasmine's appeal was still pending before this court. In its written reasons for judgment, the trial court found that Louisiana was Madeline's home state, and, "[t]herefore, the State of Alabama did not have jurisdiction under Alabama law." The trial court then granted Jasmine's opposition to Mason's petition to make the Alabama divorce and custody judgment executory in Louisiana because "[t]he Alabama judgment was not entered in accordance with the UCCJEA and is not subject to full faith and credit by the State of Louisiana."

4

We note that, pursuant to La.Code Civ.P. art. 2088, the trial court did not have authority at that time to determine that the State of Alabama did not have jurisdiction because the trial court had been divested of jurisdiction over this issue while the appeal was pending in the Third Circuit Court of Appeal.

On April 30, 2025, this court rendered its opinion in 24-705, affirming the September 9, 2024 judgment and concluding "that the Alabama court has exclusive, continuing jurisdiction over Madeline's custody and has not ceded that jurisdiction or determined that Louisiana would be a more convenient forum." *Morris,* 411 So.3d at 889. In reaching its conclusion, this court noted the following statements made by the trial court at the August 27, 2024 hearing:

> this Court believes that jurisdiction is more proper in Alabama because . . . that Court heard evidence on jurisdiction. Ms. Morris was present. She presented evidence. He had an opportunity . . . to review the witnesses to see their demeanor and to do whatever calculations on time and make his decision on modicums of truth[ ] and veracity[.]

*Id*. This court went on to conclude that the trial court correctly dismissed Jasmine's petitions for custody and modification of custody "based on simultaneous proceedings in the Alabama court, which had exclusive, continuing jurisdiction over Madeline's custody." *Id*.

Notwithstanding the appellate court's holding in *Morris*, 411 So.3d 884, that the State of Alabama had exclusive, continuing jurisdiction over the subject matter of these custody proceedings, the trial court issued a judgment on May 12, 2025, based on its previous written reasons for judgment, denying and dismissing Mason's petition to make the Alabama divorce and custody decree executory in the State of Louisiana because it found that the State of Alabama did not have jurisdiction under the UCCJEA. Mason filed a Motion for New Trial, arguing that the May 12, 2025 judgment is contrary to the law and evidence. The trial court heard arguments on

5

September 23, 2025, and denied the motion for new trial in a judgment signed on October 10, 2025. Mason has appealed.

## DISCUSSION

*Res Judicata*

Central to this appeal is which state has subject matter jurisdiction over the parties' custody dispute. In his attempt to have the Alabama custody decree made executory in the State of Louisiana, Mason has continually argued that the Alabama circuit court already decided that the State of Alabama has continuing jurisdiction and that the Alabama judgment is controlling per the statutory doctrine of res judicata.

The doctrine of res judicata is set forth in La.R.S. 13:4231, which provides the following:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

As explained by the supreme court in *Chauvin v. Exxon Mobil Corp.*, 14-808, pp. 5–6 (La. 12/9/14), 158 So.3d 761, 765, the doctrine of res judicata applies to preclude a second action when the following conditions are satisfied:

6

(1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.

In response to Mason filing for divorce and custody in Alabama, Jasmine filed in the circuit court for DeKalb County, Alabama, a motion to dismiss the Alabama case for lack of subject matter jurisdiction. A hearing was held in the Alabama circuit court during which Mason, Jasmine, and Madeline's paternal grandmother, Stacy Vaughn, testified and presented evidence. Mason and his mother, Ms. Vaughn, both argued that Alabama had subject matter jurisdiction over the custody proceedings due to the amount of time Madeline spent in Alabama. Jasmine, however, argued that Alabama did not have jurisdiction because Louisiana was Madeline's home state. After considering the testimony and evidence, the DeKalb County, Alabama, circuit court found that Madeline had spent at least half of her life in Alabama, and thus, Alabama had jurisdiction over these proceedings. Judgment was rendered on August 25, 2023, denying Jasmine's motion to dismiss and scheduling the final hearing on divorce and custody for December 12, 2023.

Jasmine did not appeal the August 25, 2023 judgment, nor did she appear at the December 12, 2023 custody hearing or file anything further in the Alabama proceedings. On December 13, 2023, a judgment was signed by Judge Hairston, the circuit court judge in Alabama, granting Mason a divorce from Jasmine and awarding Mason sole legal and physical custody of Madeline. Again, Jasmine did not appeal the December 13, 2023 judgment or respond in any fashion. Both the August 25, 2023 judgment finding that the State of Alabama has jurisdiction over

the subject matter of the custody proceedings and the December 13, 2023 judgment awarding Mason custody of Jasmine are now final judgments.

Despite having already lost her argument in the Alabama circuit court that the State of Alabama does not have jurisdiction over these custody proceedings, Jasmine has continued to raise this same argument in the Louisiana courts. Jasmine argues in response to this appeal that res judicata does not apply to bar her jurisdictional arguments in the Louisiana courts because "the doctrine of res judicata in this context cannot be used to confer jurisdiction where it is otherwise lacking. . . . A judgment rendered without jurisdiction is a nullity and is not made valid by the inaction of a party." Jasmine maintains that the State of Louisiana is the only state with subject matter jurisdiction over this custody dispute and that as the State of Alabama has no jurisdiction, its judgments are not valid. Thus, per Jasmine, res judicata does not apply to preclude her from opposing Mason's petition to make the Alabama judgment executory in the State of Louisiana because the State of Alabama never had the authority to render said judgment.

We disagree with Jasmine and find that res judicata does apply in this case. "In Treinies, the rule was succinctly stated: 'One trial of an issue is enough. 'The principles of res judicata apply to questions of jurisdiction as well as to other issues,' as well [as] to jurisdiction of the subject matter as of the parties.'" *Durfee v. Duke*, 375 U.S. 106, 113, 84 S.Ct. 242, 246 (1963) (quoting *Treinies v. Sunshine Mining Co.*, 308 U.S. 66, 78, 60 S.Ct. 44, 51 (1939)). Pursuant to La.R.S. 13:4231, once the Alabama judgment ordering that the State of Alabama had subject matter jurisdiction became a final valid judgment, Jasmine was barred from raising the issue of jurisdiction in any subsequent actions between herself and Mason. Jasmine had the opportunity to appeal both the August 25, 2023 judgment and the December 13,

2023 judgment. Instead, she chose to return to Louisiana with Madison and ignore any further proceedings in Alabama.

"[T]he general rule [is] that a judgment is entitled to full faith and credit—even as to questions of jurisdiction—when the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment." *Durfee*, 375 U.S. at 111. When the issue of subject matter jurisdiction was initially raised before the Louisiana trial court at the August 27, 2024 hearing, the court conducted an inquiry to determine whether the question of jurisdiction had been "fully and fairly litigated and finally decided" in the Alabama circuit court. Finding that it had, the trial court specifically ordered in its September 9, 2024 judgment "that DeKalb County, State of Alabama, Circuit Court for the County of DeKalb Circuit, has jurisdiction over the custody dispute subject to this litigation and that the State of Louisiana, 9th Judicial District Court, does not have jurisdiction over this custody dispute[.]" This judgment, which was affirmed by this court in *Morris*, 411 So.3d 884, now directs us to a discussion of the doctrine of law of the case.

*Law of the Case*

Mason argues on appeal that the previous Louisiana judgments rendered by both the trial court and this appellate court are now the law of the case, preventing Jasmine from continuing to assert that the State of Alabama does not have jurisdiction.

The "law of the case" is "a well-settled doctrine that bars reconsideration of issues that were fully litigated previously." *Jeff Mercer, L.L.C. v. State, Dep't of Transp. & Dev.*, 14-1752, p. 7 (La.App. 1 Cir. 6/5/15), 174 So.3d 1180, 1185, *writ denied*, 15-1624 (La. 10/30/15), 179 So.3d 618.

9

The purpose for application of the law of the case principle is the avoidance of indefinite relitigation of the same issue; the desirability of consistency of the result in the same litigation; and the efficiency; and the essential fairness to both sides, of affording a single opportunity for the argument and decision of the matter at issue. Petition of Sewerage & Water Bd. of New Orleans, 278 So.2d [81, 83 (La.1973)]. For this reason, the law of the case doctrine precludes reconsideration of issues that were previously fully litigated. Jeff Mercer, L.L.C. v. State, Dep't of Transp. & Dev., 14-1751 (La. App. 1 Cir. 6/5/15), 174 So.3d 1180, 1185. However, the doctrine applies *only* to those parties who were parties to the case when the former appellate decision was rendered and who thus had their day in court. Gooding v. Merrigan, 15-200 (La. App. 5 Cir. 11/19/15), 180 So.3d 578, 580 (quoting Pumphrey v. City of New Orleans, 05-979 (La.4/4/06), 925 So.2d 1202, 1207). The law of the case doctrine is discretionary. Herrera v. Beatrice Gallegos & USAgencies Cas. Ins., 14-935 (La. App. 5 Cir. 10/28/15), 178 So.3d 164, 168. The law of the case doctrine is not applicable in cases of palpable error or when, if the law of the case were applied, manifest injustice would occur. Id.

Furthermore, the law of the case doctrine only applies to rulings rendered within the same case, not those rendered in two separate lawsuits. *See* Reed v. Louisiana Horticulture Commission, 21-657 (La. App. 1 Cir. 12/22/21), 341 So.3d 66, 70, writ denied, 22-284 (La. 4/12/22), 336 So.3d 89. ("The law of the case doctrine … is the proper procedural principle for describing the relationship between prior judgments by trial and appellate courts rendered within the same case.")

*Neville v. Redmann*, 22-175, pp. 12–13 (La.App. 5 Cir. 12/31/22), 356 So.3d 568, 578, *writ denied*, 23-126 (La. 4/4/23), 358 So.3d 861.

As discussed above, Jasmine opposed Mason's petition to make the Alabama custody decree executory in Louisiana, basing her argument on the assertion that the State of Alabama lacked the subject matter jurisdiction necessary to hear any child custody matter between these parties. She supported her argument with the same facts and evidence presented to the Alabama circuit court when she argued the lack of subject matter jurisdiction in that court. At the August 27, 2024 hearing, the Louisiana trial court noted that it had spoken with Judge Hairston in Alabama and that they concurred that the State of Alabama had jurisdiction over this custody dispute. The trial court further noted that it had read the transcripts of the hearings

held before the Alabama circuit court. Based on its finding that the State of Alabama had subject matter jurisdiction, the trial court dismissed Jasmine's petition for custody. A contradictory hearing was then scheduled on September 12, 2024, for Mason's petition to make a foreign judgment executory. All of these findings were included in the orders of the September 9, 2024 judgment.

Jasmine appealed the September 9, 2024 judgment ordering that the State of Alabama, and not the State of Louisiana, has jurisdiction over this custody dispute. This court rendered its opinion on April 30, 2025, in which it concluded "that the Louisiana court did not err when it dismissed Jasmine's petitions for custody and for modification of custody based on simultaneous proceedings in the Alabama court, *which had exclusive, continuing jurisdiction over Madeline's custody*." *Morris*, 411 So.3d at 889 (emphasis added). This court denied Jasmine's application for rehearing on July 16, 2025. Neither party filed a writ asking the supreme court to review this court's judgment. Thus, this court's judgment rendered on April 30, 2025, has now become final.

In the meantime, the trial court heard arguments on September 12, 2024, on Jasmine's opposition to Mason's petition to make the Alabama judgment executory in Louisiana. Jasmine raised the same facts and arguments as to subject matter jurisdiction at this hearing as she did at the August 25, 2023 hearing on jurisdiction in the Alabama court; the August 27, 2024 hearing in the Louisiana trial court; and on appeal before this court in docket number 24-705, thereby continuing to relitigate the same issue. The trial court took the matter under advisement and asked the parties to submit post-trial briefs.

We note that the Louisiana trial court maintained jurisdiction over the issue of subject matter jurisdiction in this custody dispute during the September 12, 2023

hearing. However, the trial court was divested of that jurisdiction once Jasmine's appeal of the September 9, 2024 judgment was granted on September 23, 2024. Thus, the trial court had no authority to issue its written reasons for judgment on January 17, 2025, finding that the State of Alabama did not have subject matter jurisdiction at the time it rendered the final custody decree. The trial court then issued its judgment on May 12, 2025, denying Mason's petition to make the Alabama custody decree executory in Louisiana based on its findings in its written reasons that the State of Alabama lacked jurisdiction. That judgment by the trial court completely disregarded this court's April 30, 2025 opinion.

The supreme court addressed the effects of a final judgment in *Tolis v. Board of Supervisors of Louisiana State University*, 95-1529, pp. 2–3 (La. 10/16/95), 660 So.2d 1206, 1206–07 (per curiam):

> A final judgment is conclusive between the parties except on direct review. La.Rev.Stat. 13:4231. Moreover, a final judgment acquires the authority of the thing adjudged if no further review is sought within the time fixed by law or if the judgment is confirmed on further review. La.Civ.Code art. 3506(31). Once a final judgment acquires the authority of thing adjudged, no court has jurisdiction, in the sense of power and authority, to modify, revise, or reverse the judgment, regardless of the magnitude of the error in the final judgment.

As this court's previous decision in *Morris*, 411 So.3d 884, that the State of Alabama has exclusive, continuing jurisdiction over Madeline's custody is a final judgment on the matter, the trial court no longer has jurisdiction or authority to modify, revise, or reverse that judgment.

We therefore find that the doctrine of the law of the case applies, precluding the trial court from ordering that the State of Alabama does not have subject matter jurisdiction over the custody proceedings and thereby denying Mason's petition

12

to make the Alabama divorce and custody decree executory in the State of Louisiana.

## CONCLUSION

We find that the doctrine of res judicata applies to the August 25, 2023 Alabama judgment denying Jasmine's motion to dismiss on the basis that the State of Alabama has jurisdiction over these custody proceedings. The application of res judicata to this judgment prohibits Jasmine from raising the issue of subject matter jurisdiction in any further proceedings between herself and Mason regarding their custody dispute over Madeline, including these proceedings in Louisiana.

We further find that the doctrine of law of the case applies to this court's finding in *Morris*, 411 So.3d 884, that the Alabama court has exclusive, continuing jurisdiction over Madeline's custody. The application of the law of the case bars the parties from relitigating the issue of which state has jurisdiction over these custody proceedings; precludes the trial court from reconsidering the issue of which state has jurisdiction; and divests the trial court of authority to modify, revise, or reverse the final judgment of this court. *Neville*, 356 So.3d 568; and *Tolis*, 660 So.3d 1206.

Consequently, we find that the trial court erred in denying Mason's petition to make the Alabama judgment of custody executory in the State of Louisiana and remand the matter to the trial court further proceedings consistent with this opinion.

**DECREE**

For the foregoing reasons, the May 12, 2025 judgment of the trial court is reversed. This matter is remanded for further proceedings. Costs of this appeal are assessed to Defendant/Appellee, Jasmine Sharell Morris.

**REVERSED AND REMANDED.**