CHASEZ, Judge.
This controversy grows out of an expropriation proceeding brought by the State of Louisiana against Vlaho Petrovich on April 3, 1961 (No. 61,906 in the Court below and No. 2094 on appeal).
Judgment was rendered June 20, 1961, expropriating 6.4 acres of Petrovich’s oyster leases, ordering the payment of $6,620.00 as just and adequate compensation, and reserving to him the right “by proper proceeding” to assert any further claim for damages beyond the actual value of the expropriated interest.
On December 3, 1964, Petrovich filed a petition in the expropriation proceeding seeking damages allegedly caused to the balance of his oyster properties, due to the construction of Barataría Bay Waterway Project, for which the 6.4 acres had been expropriated.
The State of Louisiana filed an exception to the jurisdiction of the Court, on the grounds that the petition constituted a suit for damages against the State of Louisiana, to which the Legislature of the State of Louisiana had not consented, and an exception of no cause of action on the grounds that the petition disclosed no negligence on the part of the State because the Barataría Bay Waterway, being a federal project completely under the control of the United States Corps of Engineers, the State of Louisiana had no control or authority as to the design, construction, or maintenance of the project.
On March 24, 1965, the exception to the jurisdiction of the Court was maintained on the grounds that the judgment in the expropriation proceeding of June 20, 1961, was a final judgment terminating the proceeding, and the reservation therein did not have the effect of keeping the proceeding open. The exception of no cause of action was not passed on.
*813 On April 6, 1965, Petrovich asserted the same claim in a new suit (No. 89,452 in the court below, No. 2019 on appeal), to which the State filed exceptions of res adjudicata, jurisdiction, and no cause or right of action.
On June 1, 1965, judgment was rendered overruling the exception of res ad-judicata and maintaining the exceptions of jurisdiction and no cause or right of action, on the ground that as Petrovich’s petition alleged that his damages were caused by the construction of the Bara-taría Bay Waterway, a federal project over which the State of Louisiana had no control, his action, if any, must be against the federal government, citing Vuljan v. Board of Com’rs of Port of New Orleans, La.App., 170 So.2d 910.
Petrovich timely appealed both judgments, and pursuant to a joint motion of counsel for the State and for Petrovich, this court ordered the cases consolidated for argument.
Plaintiff, Petrovich, contends that his cause of action is one for damages resulting from the original expropriation and that LSA-Constitution Article I, Section 2, which provides:
“ * * * Except as otherwise provided in this Constitution, private property shall not be taken or damaged except for public purposes and after just and adequate compensation is paid,”
permits him to sue without the consent of the Legislature required by LSA-Constitution Article III Section 35. Petrovich further contends that the Vuljan case, supra, is not controlling because in that case there had been no original expropriation suit brought by the state.
We are of the opinion that the Court below erred in maintaining the exception to the jurisdiction filed by the State of Louisiana in cause No. 61,906 (the expropriation proceeding). The constitutional provision quoted above providing that “ * * * private property shall not be taken or damaged * * * ” has long been held to permit recovery against the State, without the necessity of the State’s consenting to suit, for damages resulting to property beyond that actually expropriated, resulting from the expropriation. Such damages are considered part of the “taking for public purposes” itself, and are properly recoverable in the expropriation proceedings, even where such damages are not immediately ascertainable. See Angelle v. State, 212 La. 1069, 34 So.2d 321, 2 A.L.R.2d 666 (1948); Bernard v. State, La.App., 127 So.2d 774 (1961); Cousin v. Hornsby, La.App., 87 So.2d 157 (1st C. of A. 1956); Louisiana Highway Commission v. Israel, 205 La. 669, 17 So.2d 914 (1944); Housing Authority of Shreveport v. Green, 200 La. 463, 8 So.2d 295 (1942). Particularly do we believe this to be the case where, as here, the judgment of expropriation itself reserves the right to claimant to later pursue his claim for damages. Simply because a later pleading asking for such damages, filed pursuant to such a reservation, was not styled a “supplemental petition” does not defeat the Court’s jurisdiction over the claim. Therefore the judgment maintaining the exception to jurisdiction will be reversed and the exception overruled.
In the second suit, cause No. 89,452, the judgment maintained conflicting exceptions; if the Court had no jurisdiction it was incompetent to pass on the exception of no right or cause of action. However, for the reasons stated above in cause No. 61,906, the judgment maintaining the exception of jurisdiction will be reversed and the exception overruled.
Both cases are in our opinion controlled by the decision of this court in the Vuljan case, supra. While the cases are different in that in the Vuljan case no original expropriation suit had been brought by the State, they are identical in that they both involve damage to property other than that actually taken. In both cases *814 there was clearly a “taking for public purposes.” The question in both cases is “a taking by whom ?”
Petrovich’s petitions in both of the instant cases indicate clearly that the damages he allegedly suffered were as a result of the construction of the Barataría Bay Waterway, over which the United States had exclusive jurisdiction and control. The damage claimed did not result from the expropriation of the 6.4 acre tract by the State, but rather were caused to his remaining acreage by the ensuing construction of the federal project.
As stated by the court in the Vuljan case, 170 So.2d 910 at page 912:
“The Mississippi River-Gulf Outlet is a federal project. The federal government alone constructed it after deciding where the project would be built, what spoil disposal areas it would need, their direction and width, and what land, navigation servitudes or easements were required. The State took nothing.”
Nor does the agreement of the State to furnish the necessary rights of way for the proj ect and to hold harmless the United States against any and all claims that might result from the construction of the project give Petrovich a right or cause of action against the State of Louisiana. Cooper v. City of Bogalusa, 195 La. 1097, 198 So. 510; Vuljan v. Board of Com’rs of Port of New Orleans, La.App., 170 So.2d 910.
To quote again from the Vuljan case:
“Whether Plaintiff has a cause of action and against whom, is not for us to say. All we decide here is that Plaintiff has no cause of action against the State of Louisiana or Defendant, its agent.”
As we are of the opinion that the Courts of the State of Louisiana have jurisdiction to hear these matters by virtue of Article I, Section 2 of the Constitution of the State of Louisiana, the judgments of the court a qua in’ the cases No. 61,906 and No. 89,452 maintaining the exceptions to jurisdiction filed therein are reversed and the exceptions are overruled.
We are of the further opinion that as the petitions of Vlaho Petrovich in both proceedings considered here fail to state a cause or right of action against the State of Louisiana, the exceptions of no cause or right of action will be maintained. But because the cases are before us on exceptions and we are unable to know all the facts that might be known and the circumstances surrounding them, we feel that the proper procedure to the end that justice will best be served, is to remand the cases to permit Vlaho Petrovich to amend his pleadings to state a cause of action if he can.
Accordingly, it is ordered and decreed that the judgments maintaining the exceptions to the jurisdiction of the Court in case No. 61,906 of the docket of the Twenty-Fourth Judicial District Court for the Parish of Jefferson, No. 2094 on the docket of this Court and in case No. 89,452 of the docket of the Twenty-Fourth Judicial District Court for the Parish of Jefferson, No. 2019 of the docket of this Court, dismissing the suits of Vlaho Petrovich against the State of Louisiana, are reversed, and said exceptions are overruled.
Accordingly, it is ordered and decreed that the exception of no cause of action filed herein by the State of Louisiana in cause No. 61,906 of the docket of the Twenty-Fourth Judicial District Court for the Parish of Jefferson, No. 2094 of the docket of this Court, dismissing the suit of Vlaho Petrovich be maintained with leave granted to said Vlaho Petrovich to amend his pleadings to state a cause of action if he can, for which purpose said suit is remanded to the District Court.
And it is further ordered and decreed that the exceptions of no cause and no right of action filed by the State of Louisiana in cause Ño. 89,452 of the docket of the *815 Twenty-Fourth Judicial District Court for the Parish of Jefferson, No. 2019 of the docket of this Court, dismissing the suit of Vlaho Petrovich be maintained with leave granted to said Vlaho Petrovich to amend his pleadings to state a cause of action if he can, for which purpose said suit is remanded to the Twenty-Fourth Judicial District Court; and therefore the judgment of the District Court dismissing Vlaho Petrovich’s suit on these exceptions shall be amended to conform with this opinion and as amended, is affirmed.
It is further ordered and decreed that these cases be consolidated in the District Court for any further action thereon.
Affirmed in part, amended in part, reversed in part, rendered in part, and remanded.