273 So.2d 60 (1973)
Antoine E. ADAM
v.
GREAT LAKES DREDGE AND DOCK COMPANY et al.
No. 5245.
Court of Appeal of Louisiana, Fourth Circuit.
February 6, 1973.
Jean E. Senac, Jr., Robert McComiskey for plaintiff-appellant.
William J. Guste, Jr., Atty. Gen., Warren E. Mouledoux, First Asst. Atty. Gen., John M. Currier, Asst. Atty. Gen., for defendants-appellees.
Before REGAN, SAMUEL and BOUTALL, JJ.
BOUTALL, Judge.
This is an appeal from a judgment maintaining an exception of no cause or right of action, dismissing the exceptor from the suit.
*61 The proceedings involved a number of defendants, and the record on appeal was stipulated to designate only certain of the pleadings contained in the original proceedings.
The original petition was filed on May 10, 1963, by plaintiff Antoine E. Adam, against Great Lakes Dredge and Dock Company and the Parish of Jefferson alleging that Antoine Adam is the owner of the lease of certain water bottoms for oyster purposes, that the defendant dredge company trespassed upon the leased property destroying his oysters, and that the Parish of Jefferson was the owner of the waterway dredged and hence responsible with the dredge company for the damages. By a supplemental petition filed December 13, 1963, the plaintiff, having been given authority to sue by a concurrent resolution of the Louisiana Legislature, brought the State of Louisiana into the suit as a party defendant alleging that plaintiff had obtained the oyster lease from the State of Louisiana and that the defendant had knowledge of the dredging agreement and further:
"That the defendants, the Department of Public Works and the Department of Wildlife & Fisheries of the State of Louisiana, had supervised the authority of the water bottom and all contracts, and had the duty and obligation to protect the lease of the plaintiff and to furnish information to the necessary parties to prevent the appropriation, expropriation or damage of plaintiff's property."
The petition further alleged that the dredging operation was prosecuted through the leased water bottoms, or that the dredging operations allowed the discharge of soil and sludge onto the leased water bottoms destroying the oysters thereon.
By another supplemental and amended petition filed June 14, 1966, the plaintiff alleged an additional act of dredging between June 10, and June 30, 1965, which was accomplished by Brown and Root, Inc., which is further alleged to have caused destruction of the oyster bed.
On November 6, 1971, the State of Louisiana filed an exception of no cause or right of action based upon the fact that it had no control or authority as to the design, the construction or the maintenance of the Barataria Bay Waterway; that it had no responsibilities since the entire project was under the complete control of the United States Corps of Engineers. Trial was had on this exception and it was dismissed on December 10, 1971.
Thereafter on December 16, 1971, the State of Louisiana filed another exception of no cause or right of action, reurging its original ground stating that the Barataria Bay Waterway was a federal project for which the Federal Government is or may be liable and that the State is not responsible as lessor for any damages that may result because of the taking of plaintiff-lessee's property for public utility or as a result of disturbances caused by third party. This exception was tried and on January 12, 1972, the court rendered a judgment maintaining the exception of no right or cause of action and dismissed the State of Louisiana, through its agencies, as defendant in these proceedings. The appeal followed.
On this appeal, appellant urged two errors. The first is that the trial court erred in permitting the filing of the second exception of no right or cause of action after the first had been dismissed, and hence the trial court was not able to render a judgment thereon dismissing the defendant from the suit. As to this issue, we simply refer to the Code of Civil Procedure and note that the exceptions filed are preemptory exceptions. LSA-C.C.P. art. 927. Peremptory exceptions may be pleaded at any stage of the proceedings in the trial court prior to a submission of the case for a decision, LSA-C.C.P. art. 928. We find nothing in the record to indicate that the case was unduly delayed as a result thereof, nor do we find any abuse of *62 the trial judge's discretion in his orderly conduct of the case.
The other error asserted, however, we find to be meritorious. Appellant urges to us that his petition did disclose a cause and right of action, and we agree that it does. We have described above what we considered to be pertinent allegations of the petitions that were filed. We note that the peremptory exceptions filed by the defendants are based upon factual allegations which appear contrary to the allegations of the petition. The record before us on this appeal has been designated by joint stipulation of the parties, and it does not contain any factual or evidentiary matter which we might consider, but only the bare allegations in the exceptions themselves. Under these circumstances, we must take the allegations of the petitions to be correct for the purpose of considering the exceptions, and therefore, must conclude that the dredging and the utilization of plaintiff's property was done under the supervision and authority of the State of Louisiana. Additionally, since the State was the owner of the water bottoms and leased them to plaintiff, it similarly appears that it is the action of the lessor, not that of the third persons, that have caused damage to the leased premises.
The matter is submitted to us upon arguments of law only, and the State makes particular reference to and relies upon the following cases: Cooper v. City of Bogalusa, 195 La. 1097, 198 So. 510 (1940); Vujnovich v. State, Department of Public Works, 184 So.2d 618 (La.App.4th Cir., 1966); Petrovich v. State, 181 So.2d 811 (La.App.4th Cir., 1966); Haeuser v. Board of Commissioners of Port of New Orleans, 170 So.2d 728 (La.App.4th Cir., 1965); Vuljan v. Board of Commissioners of Port of New Orleans, 170 So.2d 910 (La.App.4th Cir., 1965).
We have no quarrel with the broad principles expressed in those cases as to the liabilities of the state in cases such as this. The problem presented to us here is a factual matter, or procedurally related factual matter, rather than a legal proposition purely and simply. We note that the Vujnovich and the Petrovich cases, supra, involve this same waterway, although we are not aware of the similarity of the location of the leased property in its proximity to the waterway. The difficulty is that we have nothing in this case, as the record now stands before us, which would require us to say that the same set of facts in those cases apply to this case. In view of the decision in those cases, it appears unlikely that the plaintiff will be able to prove that the state did exercise control of authority as alleged, however, he is entitled to an opportunity to attempt to do so. Additionally, those two cases do not appear to encompass the alleged dredging by Brown and Root, Inc., in June, 1965. We note, for example, that the appellate court remanded one of the consolidated cases in Petrovich, supra, to the trial court to grant plaintiff an opportunity to amend to state a cause of action, if he were able to do so.
For the above reasons, we are of the opinion that the various supplemental and amended petitions filed herein have stated a cause of action and that the judgment maintaining the exception should be reversed. As noted above, we are not aware of the status of the complete original record, but it appears that resort must be had by the State of Louisiana to other procedural devices in order to achieve the result it desires.
It is ordered that the judgment appealed from maintaining the exception of no cause of action or right of action, and dismissing the defendant, State of Louisiana from the suit, is now annulled and reversed; there is now judgment herein in favor of plaintiff dismissing the exception and remanding this matter back to the trial court for further proceedings consistent with the views expressed herein. The costs of this appeal are to await the final determination of the rights between these parties.
Reversed and remanded.