CHAISSON, J.
hln this legal malpractice action, attorney Michelle Myer-Bennett appeals a judgment of the district court which sustained Tracy Lomont’s exceptions of lack of subject matter jurisdiction and res judi-cata, dismissed with prejudice her claims and affirmative defenses as they relate to fraud and/or non-conformity of the petition, and granted Ms. Lomont’s motion for sanctions. For the reasons that follow, we affirm the judgment insofar as it dismisses *439 with prejudice Ms. Myer-Bennett’s claims and affirmative defenses as they relate to non-conformity of the petition; we reverse the judgment insofar as it sustains the exceptions of lack of subject matter jurisdiction and res judicata, and remand to the district court with instructions that he conduct a hearing on those pleadings in accordance with the instructions contained in this opinion; we vacate the judgment as premature insofar as it grants sanctions against Ms. Myer-Bennett and dismisses with prejudice her claims and affirmative defenses as they relate to fraud. Further, we remand to the district court for consideration of Ms. Lomont’s motion for sanctions once it has appropriately considered Ms. Myer-Bennett’s re-urged exception of peremption applying a “law of the case” analysis.
FACTS AND PROCEDURAL HISTORY
This is the second time that this case comes before this Court on appeal. The facts regarding the alleged legal malpractice, and the early procedural history of the case, are set forth in the first appeal of this matter. See, Tracy Ray Lomont v. Michelle Myer-Bennett, 14-351 (La.App. 5 Cir. 10/29/14), 164 So.3d 843. Subsequent to Ms. Lomont filing her suit for legal malpractice, Ms. Myer-Bennett filed an exception of peremption on the basis that more than three years had passed since the date of the alleged malpractice. In response to Ms. Myer-Bennett’s exception of peremption, Ms. Lomont filed a supplemental and amending petition alleging that Ms. Myer-Bennett acted fraudulently in misrepresenting and/or ^suppressing the truth regarding the alleged malpractice. In a second supplemental and amending petition, Ms. Lomont alleged with particularity the acts of fraud allegedly committed by Ms. Myer-Bennett in order to conceal her malpractice. After a hearing on the matter, the district court sustained Ms. Myer-Ben-nett’s exception of peremption, specifically finding that her actions after the discovery of her alleged malpractice did not amount to fraud. On appeal, this Court found the district court was not manifestly erroneous in its factual finding regarding fraud and therefore affirmed the judgment dismissing Ms. Lomont’s suit. Lomont, 164 So.3d at 850. The Louisiana Supreme Court granted Ms. Lomont’s writ application to determine the correctness of the lower courts’ rulings, and thereafter reversed those rulings, finding that Ms. Myer-Bennett committed fraud within the meaning of La. R.S. 9:5605(E)[1], and that the per-emptive periods contained in La. R.S. 9:5605 were therefore not applicable. Lomont v. Myer-Bennett, 14-2483 (La. 6/30/15), 172 So.3d 620, 639.
Subsequent to a denial of a request for rehearing before the Supreme Court, Ms. Myer-Bennett filed in the district court a pleading titled “Exceptions, Affirmative Defenses, and Answer” in response to Ms. Lomont’s petitions. In that pleading, Ms. Myer-Bennett re-urges the exception of peremption, along with various other exceptions and defenses. Ms. Myer-Ben-nett’s re-urged exception of peremption has yet to be set for hearing by the district court. Initially, in response to the re-urged exception of peremption, Ms. Lomont filed a motion for an expedited status conference for the purpose of “simplification of the issues and the elimination of frivolous claims, exceptions or defenses;” however, Ms. Lomont later withdrew her request for a status conference. Ms. Lomont then filed exceptions of lack of subject matter jurisdiction and res judicata, and a motion for sanctions against Ms. Myer-Bennett for the filing of her re-urged exception. *440 After a | shearing in which counsel for both parties presented argument to the district court on Ms. Lomont’s exceptions and motion for sanctions, but in which no evidence was taken, the court took the matter under advisement and later issued a judgment in which it sustained Ms. Lomont’s exceptions of lack of subject matter jurisdiction and res judicata, dismissed with prejudice her claims and affirmative defenses as they relate to fraud and/or non-conformity of the petition, and granted her motion for sanctions.[2] It is from this judgment that Ms. Myer-Bennett now appeals.
ASSIGNMENTS OF ERROR
In this appeal, Ms. Myer-Bennett assigns the following five errors:
1) To the extent he considered Lomont’s April 12, 2016 (sic) under an exception standard rather than a motion to strike standard, the trial judge committed legal error.
2) The trial judge committed legal error (and if analyzed as a motion to strike, he abused his discretion) by sustaining a declinatory exception of lack of subject matter jurisdiction, apparently intending to preclude Myer-Ben-nett from maintaining certain defenses.
3) The trial judge committed legal error (and if analyzed as a motion to strike, he abused his discretion) sustaining a peremptory exception of res judicata, apparently intending to preclude Myer-Bennett from re-urging a peremptory exception of peremption.
4) The trial judge committed legal error (and if analyzed as a motion to strike, he abused his discretion) by “dismissing with prejudice” Myer-Bennett’s peremption and pleading nonconformity defenses.
5)The trial judge’s sanctions award, based on his determination that Myer-Bennett violated Article 863 of the Code of Civil Procedure, amounts to manifest error.
DISCUSSION
In Ms. Myer-Bennett’s first assignment of error she raises a procedural objection to the propriety of Ms. Lomont, as the plaintiff, responding to Ms. Myer-LBennett’s exceptions and affirmative defenses with exceptions of her own. She argues that exceptions are defensive pleadings, and that plaintiffs, like Ms. Lomont, cannot utilize exceptions to respond to pleadings of the defendant. She further maintains that the appropriate procedural device for a plaintiff to object to, and seek dismissal of, an allegedly improperly re-urged peremptory exception, is a motion to strike, and that the standard of review for this Court to apply to rulings on exceptions is “de novo”, whereas the standard of review to apply to a ruling on a motion to strike is “abuse of discretion”. Ms. Lomont does not directly address Ms. Myer-Ben-nett’s procedural argument, but instead argues that regardless of whether the issue raised is analyzed under an exception standard or a motion to strike standard, that the result would be the same, i.e., that Ms. Myer-Bennett’s exceptions and affirmative defenses as they relate to fraud and non-conformity of the petition were properly dismissed.
We agree with Ms. Myer-Bennett’s position on this procedural objection. La. C.C.P. art. 921 provides that:
*441 An exception is a means of. defense, other than a denial or avoidance of the demand, used by the defendant, whether in the principal or an incidental action, to retard, dismiss, or defeat the demand brought against him. (emphasis added)
Ms. Lomont’s status as a respondent to Ms. Myer-Bennett’s exceptions of peremption and non-conformity does not render her a defendant, either in a principal demand or an incidental action, such that she is able to avail herself of any of the formal exceptions established by the Louisiana Code of Civil Procedure for defendants to respond. Ms. Myer-Bennett has not filed a reconventional demand, or any other action, against Ms. Lomont, but instead has only filed an exception seeking to have Ms. Lomont’s “action declared legally nonexistent, or barred by effect of law.” See, La. C.C.P. art. 923 (“The function of the peremptory exception is to have the plaintiffs action declared legally nonexistent, or barred by | ¡¡effect of law, and hence this exception tends to dismiss or defeat the action.”)(emphasis added). Therefore, although Ms. Lomont seeks a dismissal of Ms. Myer-Bennett’s re-urged exception of peremption as barred by effect of law, she does not seek to have any “action,” i.e., demand or claim, of Ms. Myer-Bennett dismissed as barred by effect of law. See, Leger v. Weinstein, 03-1497 (La.App. 3 Cir. 10/27/04), 885 So.2d 701, 707, writ denied, 04-2903 (La. 2/4/05), 893 So.2d 873 (legal malpractice plaintiff cannot use exception to advance res judicata theory; only defendants use exceptions; plaintiff required to prevail on res judicata issue by summary judgment motion).
We therefore find that exceptions of lack of subject matter jurisdiction and res judicata were not the proper procedural vehicle for Ms. Lomont to employ to obtain a dismissal of Ms. Myer-Ben-nett’s re-urged exception of peremption. However, in situations where a mistitled pleading clearly identifies the issue being raised, and adequately sets out the mover’s arguments on that issue and the relief requested, such that notice and due process requirements are sufficiently satisfied, this Court, in the interest of justice, will routinely look beyond the title of the pleading and address the merits of the issue raised. Under the particular facts of this case, upon, review of Ms. Lomont’s pleadings and Ms. Myer-Bennett’s responses thereto, we are convinced that Ms. Myer-Bennett is well aware that the issue raised by Ms. Lomont’s “exceptions,” is whether, in light of the Louisiana Supreme Court’s ruling in the first appeal of this matter, Ms. Myer-Bennett is precluded from re-urging her exception of peremption and also precluded from raising any affirmative defenses as they relate to Ms. Lomont’s fraud allegations. We therefore will exercise our discretion to review the substantive merits of the issues raised by Ms. Lomont’s “exceptions.”
Although both Ms. Lomont’s exception of lack of subject matter jurisdiction and her exception of res judicata seek the same relief, i.e., dismissal of Ms. Myer-LBennett’s re-urged exception of peremption and affirmative defenses related to fraud as a result of the Louisiana Supreme Court’s ruling in the first appeal, she advances separate and distinct grounds in each exception for the dismissal of Ms. Myer-Bennett’s exception and defenses.[3]
*442 Ms. Lomont’s exception of lack of subject matter jurisdiction, although raised as an issue related to the subject matter jurisdiction of the court, advances arguments regarding the hierarchy of the court system in Louisiana and the lack of authority of lower courts to “review” decisions of the Louisiana Supreme Court. Subject matter jurisdiction refers to the courts’ legal power and authoiity to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. La. C.C.P. art. 2. The constitutionally-established hierarchy of the court system, with the Louisiana Supreme Court established as the court of last resort with supervisory jurisdiction over all other courts, and lower courts having no authority to “review” rulings of the Louisiana Supreme Court or impede execution of its judgments, in no way implicates the subject matter jurisdiction of the lower courts to hear particular classes of action or types of cases. The subject matter jurisdiction of the district court is in no way defeated or affected by the fact that the Louisiana Supreme Court has issued an interlocutory ruling on Ms. Myer-Bennett’s initial exception of peremption, or by the possibility that after full consideration under the 17correct legal precepts, Ms. Myer-Bennett’s re-urged exception of peremption might be disallowed, or, if allowed, again overruled. Therefore, even if Ms. Myer-Bennett were urging the district court to “review” the ruling of the Louisiana Supreme Court, dismissal of that request on the basis that the district court lacks subject matter jurisdiction would be inappropriate.[4] It was error for the district court to sustain the exception of lack of subject matter jurisdiction, and we are therefore compelled to reverse that portion of the judgment.
Unlike in her exception of lack of subject matter jurisdiction, in her exception of res judicata, Ms. Lomont correctly argues the state of the law as it relates to the doctrine of res judicata; however, the doctrine of res judicata is not the appropriate law to apply to the issue of whether Ms. Myer-Bennett may re-urge her exception of peremption. The appropriate doctrine to be applied is “law of the case.”
With respect to res judicata, La. R.S. 13:4231 provides in pertinent part, “Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties. The four prerequisites for the application of res judicata *443 are: (1) the parties must be identical in both suits, or in privity; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases. Muhammad v. Office of the DA for St. James, 16-9 (La.App. 5 Cir. 4/27/16), 191 So.3d 1149, 1155. The doctrine of res judicata is stricti juris, and any doubt concerning the application of res judicata must be resolved against its application. Id.
A judgment that determines the merits in whole or in part is a final judgment. La. C.C.P. art. 1841. A judgment that does not determine the merits but Uonly preliminary matters in the course of the action is an interlocutory judgment. Id. The denial of a peremptory exception is an interlocutory judgment, not a final judgment, and hence, the doctrine of res judi-cata does not apply. Eastin v. Entergy Corp., 07-212 (La.App. 5 Cir. 10/16/07), 971 So.2d 374, 379, writ denied, 07-2214 (La. 1/11/08), 972 So.2d 1167. While a litigant may be tempted to classify a judgment as final based upon its issuance by the court of last resort in Louisiana, it is not the court of issuance that determines the finality of a judgment, but rather the issue in the case that the judgment resolves that determines its finality. Therefore, while many judgments issued by the Louisiana Supreme Court are final judgments because they dispose of the merits of a case, judgments of the Supreme Court that only dispose of preliminary matters, such as the overruling of an exception of peremption, are interlocutory judgments and are subject to “law of the case” analysis in the event that the issue addressed in that judgment is re-urged.[5] The judgment of the Louisiana Supreme Court in the first appeal of this matter, although not subject to “review” by any other Louisiana court, is nonetheless, by its nature of having overruled an exception of peremption, an interlocutory judgment subject to “law of the case” analysis now that Ms. Myer-Bennett has re-urged the exception in the district court. Consequently, the doctrine of res judicata is inapplicable to the Supreme Court’s ruling on Ms. Myer-Ben-nett’s exception of peremption, and it was therefore error for the district court to sustain the exception of res judicata. We are therefore compelled to also reverse that portion of the judgment.
Rather than dismiss Ms. Lomont’s exceptions, as previously stated, we will exercise our discretion to review the substantive merits of the issues raised by Ms. Lomont’s “exceptions,” i.e., whether, in light of the Louisiana Supreme Court’s |flruling in the first appeal of this matter, Ms. Myer-Bennett is precluded from re-urging her exception of peremption and also precluded from raising any affirmative defenses as they relate to Ms. Lomont’s fraud allegations.
La. C.C.P. art. 928(B) provides:
The peremptory exception may be pleaded at any stage of the proceeding in the trial court prior to a submission of the case for a decision and may be filed with the declinatory exception or with the dilatory exception, or both.
La. C.C.P. art. 1152 provides, in pertinent part:
A defendant may amend his peremptory exception at any time and without leave of court, so as to either amplify an objec *444 tion set forth or attempted to be set forth in the original exception, or to plead an objection not set forth therein.
The Louisiana Supreme Court has interpreted these articles to allow for the re-urging of a previously overruled peremptory exception under certain circumstances. “It is apparent that interlocutory orders overruling this and similar peremptory exceptions cannot be binding upon the trial court when it timely—but later—determines error of judgment based upon the matter as submitted or upon subsequent disclosures in the record which require a contrary holding. Art. 928, C.C.P., Comment (c).” Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 1093, 262 So.2d 328, 332 (1972). In following this rule, appellate courts have recognized the right of a defendant to re-urge a peremptory exception, even after it has previously been overruled by an appellate decision. See, Herrera v. Gallegos, 14-935 (La.App. 5 Cir. 10/28/15), 178 So.3d 164; Landry v. Blaise, Inc., 02-0822 (La.App. 4 Cir. 10/23/02), 829 So.2d 661. The ability of a defendant to re-urge a previously overruled peremptory exception is, however, not unrestricted, but rather is limited by the discretionary “law of the case” doctrine. Herrera, 178 So.3d at 168.
11flThe “law of the case” doc-tóre embodies the rule that an appellate court will not reconsider its own rulings of law in the same case. Id. “The doctrine is not applicable ‘in cases of palpable error or when, if the law of the case were applied, manifest injustice would occur.’ ” (citations omitted) Id. The terms “palpable error” and “manifest injustice” indicate to us that a court should exercise its discretion not to apply the “law of the case” doctrine only in instances where there is a compelling justification not to do so.
Because the codal authority to re-urge a peremptory exception is in derogation of the general principle that once an issue is litigated, it will not be re-litigated, this right must be limited, and a court should only allow it where a compelling justification to do so exists. A proper application of the “law of the case” doctrine will therefore disallow repeated litigation of the same issue using the same evidence and arguments, but will allow the re-urging of the exception where new, persuasive evidence presents a compelling justification to do so in order to prevent a manifest injustice. Furthermore, a litigant contemplating re-urging a previously overruled peremptory exception should weigh her confidence in the persuasiveness and compelling nature of her new evidence and arguments against the risk that article 863 sanctions might be imposed against her if her re-urged exception is found to be wholly frivolous.
In this case, Ms. Myer-Bennett argues that the “law of the case” doctrine should not preclude her from re-urging her exception of peremption or raising affirmative defenses related to Ms. Lomont’s fraud allegations for two reasons: first, she argues that at the hearing on her exception of peremption, both parties and the district court were under a mis-impression as to which party bore the burden of proof on Ms. Lomont’s fraud allegations, and that because of that mis-impression, she was precluded from introducing evidence at the hearing; and | T1 second, she argues that the evidence that she now wishes to produce would necessitate a contrary ruling on her exception of peremption.
Regarding the confusion over the party bearing the burden of proof on the fraud allegations, we note that the transcript of the hearing on Ms. Myer-Ben-nett’s exception of peremption makes clear, and Ms. Lomont conceded at oral argument before this Court, that both par *445 ties were under the impression that Ms. Lomont bore the burden of proof on her fraud allegations. Generally, a party alleging fraud has the burden to prove those allegations. Prior cases involving allegations of fraud under La. R.S. 9:3506(E) have placed the burden of proof on the plaintiff. See, Atkinson v. Lloyd J. LeBlanc, Jr., 03-365 (La.App. 5 Cir. 10/15/03), 860 So.2d 60, 65 (“The trial judge found that [plaintiff] did not established (sic) her fraud exception and we find no such proof either”).
In Garner v. Lizana, 13-427 (La.App. 5 Cir. 12/30/13), 131 So.3d 1105, writ denied, 14-0208 (La. 4/4/14), 135 So.3d 1183, this Court held for the first time, contrary to rulings in numerous prior appellate decisions, that post-malpractice concealment of legal malpractice constitutes fraud under La. R.S. 9:5605(E). The Court, however, did not discuss which party bore the burden of proof on the fraud allegations. In the case sub judice, the district court, in sustaining Ms. Myer-Bennett’s exception of peremption, explicitly relied upon this Court’s holding in Gamer. In the first appeal of this matter, the Louisiana Supreme Court, adopting the rationale of Gamer, held that “allegations of misrepresentation, suppression or concealment of malpractice can constitute fraud within the meaning of La. R.S. 9:5605(E),” and expressly overruled all cases holding to the contrary. Lomont, 172 So.3d at 628-29. The Court, in making its first pronounce-merit on the applicability of La. R.S. 9:5605(E) to allegations of post-malpractice misrepresentation, suppression or concealment of the malpractice, |12also found that the burden is on the defendant to prove La. R.S. 9:5605(E) is not applicable, meaning that Ms. Myer-Bennett was required to prove that she did not commit post-malpractice fraud. Lomont, 172 So.3d 628.
While we accept that there is a rational reason that the parties and the district court were under the wrong impression as to who bore the burden of proof on Ms. Lomont’s fraud allegations, we do not see this mis-impression as an impediment to Ms. Myer-Bennett’s ability to produce her evidence regarding fraud at the hearing. Rather, we see this as a tactical decision on Ms. Myer-Bennett’s part. Regardless, while the reason that a defendant failed to present evidence or failed to make a particular argument on the hearing of an initial peremptory exception may be a consideration for the district court in determining whether to apply the “law of the case” doctrine, especially where the initial ruling has received the judicial resources of full appellate review, in our review of prior cases engaged in “law of the ease” analyses, we do not find the primary focus of the courts to be on the reason the defendant failed to present her evidence, but rather on the strength and persuasiveness of the previously missing evidence.[6] In our view, the primary *446 focus of a “law of the case” analysis is the strength and persuasiveness of the previously missing evidence, because the goal of allowing an exception to application of “law of the case” is to prevent a manifest injustice from occurring where the new evidence or argument clearly indicates that a contrary result is warranted.
hsBecause Ms. Myer-Bennett’s “claims as well as the affirmative defenses, as they relate to fraud” were dismissed on procedurally improper and substantively merit-less “exceptions” filed by Ms. Lomont, without an evidentiary hearing on a proper motion to strike, the record is not sufficiently developed to enable us, on appeal, to evaluate the relative persuasiveness of Ms. Myer-Bennett’s new evidence to determine whether or not it is appropriate to allow an exception to the application of “law of the case.” We are therefore compelled to vacate as premature that portion of the judgment that dismisses Ms. Myer-Bennett’s claims as well as affirmative defenses as they relate to fraud, and to remand this matter to the district court, with instructions that he treat Ms. Lomont’s exceptions of lack of subject matter jurisdiction and res judicata as motions to strike Ms. Myer-Bennett’s re-urged exception of peremption and affirmative defenses as they relate to fraud, and to hold an evidentiary hearing on those motions applying a “law of the case” analysis.
Regarding the judgment on the motion for sanctions, having found that Ms. Lo-mont’s exceptions were improperly sustained without the district court conducting an appropriate hearing applying a “law of the case” analysis, we find that it was premature for the district court to consider the issue of sanctions. We therefore vacate that portion of the judgment that awards sanctions against Ms. Myer-Ben-nett, and we remand that motion to the district court for consideration after it has conducted the appropriate hearing on Ms. Lomont’s motions to strike.
Regarding that portion of the judgment that dismisses Ms. Myer-Ben-nett’s claims as well as affirmative defenses as they relate to non-conformity of the petition, for the following reasons, we affirm. Unlike the exception of peremption, which is a peremptory exception, the exception of non-conformity of the petition is a dilatory exception. La. C.C.P. art. 928(A) provides, in pertinent part: “The | udeclinatory exception and the dilatory exception shall be pleaded prior to or in the answer and, prior to or along with the filing of any pleading seeking relief other than [various listed exceptions] ...” None of the listed exceptions are applicable to this proceeding. Because Ms. Myer-Ben-nett previously filed her first exception of peremption, seeking dismissal of Ms. Lo-mont’s petition, without at the same time filing her dilatory exception of non-conformity of the petition, her attempt to now file that exception is untimely. We therefore find that the district court did not err in dismissing with prejudice Ms. Myer-Bennett’s “claims and the affirmative defenses, as they relate to ... non-conformity of the petition,” and we affirm that portion of the judgment.
*447 DECREE
For the foregoing reasons, we affirm the judgment insofar as it dismisses with prejudice Ms. Myer-Bennett’s claims and affirmative defenses as they relate to nonconformity of the petition; we reverse the judgment insofar as it sustains the exceptions of lack of subject matter jurisdiction and res judicata, and remand to the district court with instructions that he conduct a hearing on those pleadings in accordance with the instructions contained in this opinion; we vacate the judgment as premature insofar as it grants sanctions against Ms. Myer-Bennett and dismisses with prejudice her claims and affirmative defenses as they relate to fraud. Further, we remand to the district court for consideration of Ms. Lomont’s motion for sanctions once it has appropriately considered Ms. Myer-Bennett’s re-urged exception of peremption applying a “law of the case” analysis.
AFFIRMED IN PART; REVERSED IN PART; VACATED IN PART; REMANDED

. La. R.S. 9:5605(E) provides: "The peremp-tive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.”

. The district court did not specify what sanctions were being imposed against Ms. Myer-Bennett, but at the conclusion of the hearing, counsel for Ms. Lomont indicated that she was reserving her "right to put on evidence of attorney fees in connection with our Motion for 863 Sanctions,” Neither counsel for Ms. Myer-Bennett nor the district court indicated any opposition to this proposed bifurcated procedure,

. We note that Ms. Lomont, in her pleadings to the district court and this Court, has also taken an expansive position regarding the scope of the ruling of the Louisiana Supreme Court in the first appeal of this matter, arguing that its ruling has resolved the issue of Ms. Myer-Bennett’s liability for legal malpractice, and that the only issue left to be *442 tried is the amount of Ms. Lomont's damages. We note that the only ruling issued by the Supreme Court is an interlocutory ruling on an exception of peremption, wherein the Court made a factual determination, based upon the evidence in the record before it at that time, regarding Ms. Myer-Bennett's fraudulent concealment of an act that is alleged to be legal malpractice. Ms. Lomont appears to erroneously fail to make a distinction between fraud in tire post-malpractice concealment of an act that is alleged to constitute legal malpractice, and the act of alleged legal malpractice itself. In the Supreme Court’s Lomont opinion, it succinctly discussed this distinction in analyzing whether the fraud exception in La. R.S. 9:5605(E) applies to fraudulent acts of post-malpractice concealment, or only where the fraudulent act itself constitutes the malpractice. We therefore note that there has been no trial on the merits of the alleged legal malpractice, no finding of fact as to the alleged legal malpractice (as distinguished from the Supreme Court's factual finding of subsequent fraudulent concealment of an act that is alleged to be legal malpractice), and no judgment rendered on Ms. Lomont's underlying legal malpractice claim.

. We note that Ms. Myer-Bennett has made no request that the district court "review” the ruling of the Louisiana Supreme Court; rather, Ms. Myer-Bennett has sought to re-urge her exception of peremption under the authority of La. C.C.P. arts. 928(B) and 1152.

. See also, Bank One, N.A. v. Velten, 04-2001 (La.App. 4 Cir. 8/17/05), 917 So.2d 454, 458-59, writ denied, 06-40 (La. 4/28/06), 927 So.2d 283 (the law of the case doctrine is the proper procedural principle, as opposed to res judicata, for describing the relationship between prior judgments by trial and appellate courts rendered within the same case).

. In the Herrera case, which involved an automobile accident, the district court considered the defendants’ exceptions of prescription on five different occasions, with the issue at each hearing being the date of the automobile accident, information which presumably was readily available by way of the accident report to all parties shortly after the accident. At the first hearing, and on rehearing, where no evidence was admitted, the district court overruled the exception, and this Court denied defendants’ writ application. At the third hearing, no evidence was admitted and the district court overruled the exception. At the fourth hearing, no evidence was admitted, but the district court sustained the exception based upon an affidavit of the Kenner police department that was referenced at the hearing. On appeal, this Court reversed based upon its finding that the district court considered documentation which had not formally been admitted into evidence. At the fifth hearing, held on the day of trial, the defendants finally produced the accident report showing the date of the accident, which was virtually *446 irrefutable proof of the date of the accident and that plaintiff's lawsuit was filed more than one year later. The district court again sustained the exception of prescription. On appeal, it does not appear that the parties raised an issue as to the reasons that the defendants could not timely produce a presumably readily available accident report, and the opinion itself does not discuss this issue, yet this Court affirmed the ruling of the district court. Herrera, supra. In our opinion, this result was reached in order to prevent a manifest injustice where the newly provided evidence indicated that plaintiffs suit was clearly prescribed.