Judge Paula A. Brown
Plaintiff, Roberto Llopis, D.D.S. ("Dr. Llopis"), appeals the district court's August 1, 2017 judgment, which granted the exception of no cause of action filed by defendants, the State of Louisiana/Department of Health and Hospitals/Louisiana State Board of Dentistry, the Louisiana State Board of Dentistry, C. Barry Ogden, Brian M. Begue, and Dr. David Melancon (collectively, the "Board"). For the reasons that follow, we affirm the judgment.
FACTUAL AND PROCEDURAL BACKGROUND
The underlying dispute in this matter arises from Dr. Llopis' attempts to renew his license to practice dentistry in Louisiana.[1] Dr. Llopis obtained his Louisiana license in 1993. In 2003, the Board began an investigation of Dr. Llopis. The investigation was not completed because Dr. Llopis was called to active military duty. Dr. Llopis, after moving to the state of Washington, voluntarily surrendered his Louisiana license on November 15, 2006. In October 2010, Dr. Llopis began his efforts to become re-licensed in Louisiana. He first sought a restricted license to work at the Louisiana State University School of Dentistry ("LSUSD"); and thereafter, he applied for a temporary license. After the Board failed to re-issue his license, litigation ensued between the parties.
This matter has been before this Court on three prior occasions. To encapsulate the extensive history behind this litigation, we adopt many of the facts delineated in Llopis v. State , 2016-0041 (La. App. 4 Cir. 12/14/16), 206 So.3d 1066 (" Llopis III ") as follows.
*630 Dr. Llopis's first appeal concerned claims against the Board, its executive director, its president and its counsel arising under the Louisiana Open Meetings Law and claims for judicial review of certain decisions of the Board. Those claims were dismissed by the trial court on exceptions of no cause of action. The trial court's judgment was affirmed by this Court. See Llopis I .[2 ]
Dr. Llopis then filed a first amended petition on January 25, 2012 against the same parties and adding other members of the Board. This suit sought "damages allegedly suffered by Dr. Llopis when he applied for a restricted license with the Board in 2010, after having voluntarily surrendered his license to practice dentistry in Louisiana in 2006." Llopis v. Louisiana State Bd. of Dentistry , [20] 13-0659, pp. 1-2 (La. App. 4 Cir. 6/11/14), 143 So.3d 1211, 1212, writ denied , [20]14-1483 (La. 10/31/14), 152 So.3d 152 (" Llopis II "). The suit was thereafter dismissed on a motion for involuntary dismissal and an exception of insufficiency of service of process. This Court reversed the judgment and remanded the case to the trial court. See Llopis II .
Following remand, the defendants filed Peremptory Exceptions of Res Judicata and No Cause of Action and a Declinatory Exception of Improper Service of Actions. A hearing was held on June 4, 2015 and by judgment dated June 26, 2015, the exceptions were denied.
On July 10, 2015, the defendants filed a Motion for New Trial of the exceptions heard on June 4, 2015. The grounds asserted in the motion were that "the judgment rendered is clearly contrary to the law" and that "good ground" under La. C.C.P. Art. 1973 existed due to the fact that Dr. Llopis did not file an opposition memorandum until one day prior to the hearing (and defendants did not receive a copy of it until the hearing date). The motion was heard on August 7, 2015 and by judgment dated September 2, 2015, the trial court granted the Motion for New Trial, reversing its prior ruling and thereby sustaining the exception of no cause of action and dismissing all of Dr. Llopis' claims.
Dr. Llopis filed a Motion for Appeal on September 21, 2015.
Id. , 2016-0041, pp. 2-3, 206 So.3d at 1068.
In Llopis III , this Court noted that the district court's initial denial of the Board's exception of no cause of action was an interlocutory judgment; as such, the district court erred in granting the motion for new trial because no procedure exists for a party to apply for a new trial to seek relief from an interlocutory judgment. Id. 2016-0041, p. 6, 206 So.3d at 1070. Accordingly, the Llopis III Court vacated the judgment granting the exception of no cause of action and remanded the matter to the district court for further proceedings. Id.
Upon remand, the Board re-urged its exception of no cause of action (the "Exception"), arguing that its adjudicatory role as an administrative public agency provides it with quasi-judicial immunity. The district court heard argument on the Exception on July 13, 2017. After argument, the district court sustained the Exception and dismissed Dr. Llopis' action against the Board with prejudice.
This appeal followed.
DISCUSSION
Dr. Llopis asserts the district court erred by permitting the Board to re-urge its previously denied Exception without presenting any new evidence in support.
*631 Dr. Llopis does acknowledge that, pursuant to La. C.C.P. art. 928[3] and well-settled jurisprudence, a district court is permitted to reconsider a peremptory exception "at any stage of the proceedings in which an objection was made, to set aside a decree and to sustain the exception, upon finding that it erred in overruling it." R. G. Claitor's Realty v. Juban , 391 So.2d 394, 396 (La. 1980) (citations omitted); see also Loughlin v. United Services Automobile Association , 2017-0109, p. 15 (La. App. 4 Cir. 12/20/17), 233 So.3d 132, 142. Even so, Dr. Llopis, citing Lomont v. Meyer-Bennett , 2016-436, p. 10 (La. App. 5 Cir. 12/14/16), 210 So.3d 435, 444, contends that the "law of the case" doctrine limits the right to re-urge a peremptory exception to those circumstances where the litigant presents new, persuasive evidence.[4] He, therefore, maintains that because the Board did not present any new evidence, the district court should not have heard its re-urged Exception. We disagree.
In Lomont , the appellate court did not mandate that a litigant offer new evidence, but rather, the court opined that a district court should find that a "compelling justification" exists to re-litigate a peremptory exception. Lomont , 2016-0436, p. 10, 210 So.3d at 444. Further, the application of the "law of the case" doctrine is discretionary; it does not preclude a district court from reconsideration of a judgment overruling a peremptory exception, and subsequent thereto, sustaining the exception. See Landry v. Blaise , 2002-0822, p. 3 (La. App. 4 Cir. 10/23/02), 829 So.2d 661, 664.
In the case sub judice , the district court noted that it initially denied the Board's Exception "out of an abundance of caution" in order to have the opportunity to review Dr. Llopis' late-filed opposition. After review of the Board's Motion for New Trial, the Board's re-urged Exception and Dr. Llopis' opposition, the district court granted the Board's Motion for New Trial and sustained the Exception on the merits; thus, acknowledging that it erred when it first denied the Exception. We find the district court's reasons provide compelling justification to reconsider the Exception. Hence, the district court did not abuse its discretion in allowing the Board to re-urge the Exception. See Adam v. Great Lakes Dredge & Dock , 273 So.2d 60, 61-62 (La. App. 4 Cir. 1973). This assignment of error is unpersuasive.
In the alternative, Dr. Llopis argues that the district court erred in finding his Petition failed to state a cause of action. This Court discussed the function of an exception of no cause of action and appellate review of this exception in Meckstroth v. Louisiana Dept. of Transp. & Dev., 2007-0236 (La.App. 4 Cir. 6/27/07), 962 So.2d 490 as follows:
The peremptory exception of no cause of action tests the legal sufficiency of a petition by examining whether, based upon the facts alleged in the pleading, the law affords the plaintiff a remedy. La. Code of Civ. Proc. Art. 927(A)(4) ; Montalvo v. Sondes , [19] 93-2813 (La. 5/23/94), 637 So.2d 127, 131. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action.
*632 La. Code Civ. Proc. Art. 931. The court reviews the petition and accepts all well pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is entitled to the relief sought. Everything on Wheels Subaru, Inc. v. Subaru South, Inc. , 616 So.2d 1234, 1235-36 (La. 1993) ; Kuebler v. Martin , 578 So.2d 113 (La. 1991) ; Hero Lands Co. v. Texaco, Inc. , 310 So.2d 93 (La. 1975). Because Louisiana is a fact-pleading jurisdiction, mere legal conclusions, unsupported by facts, are not sufficient to set forth a cause of action. State ex rel. Ieyoub v. Racetrac Petroleum, Inc. , [20] 01-0458 (La. App. 3 Cir. 6/20/01), 790 So.2d 673, 678. The reviewing court should conduct a de novo review because the exception raises a question of law and the trial court's decision is based solely on the sufficiency of the petition. Fink v. Bryant , [20] 01-0987, p. 4 (La. 11/28/01), 801 So.2d 346, 349 ; Wright v. Louisiana Power & Light , [20] 06-1181, p. 8 (La. 3/9/07), 951 So.2d 1058, 1069.
The Board urges that Dr. Llopis asserted no cause of action against it because the Board has quasi-judicial absolute immunity;[5] and pursuant to Durousseau v. Louisiana State Racing Commission , 1998-0442, (La. App. 4 Cir. 12/9/98), 724 So.2d 844, the Exception was properly sustained. In Durousseau , this Court considered whether a jockey asserted a cause of action against the Louisiana State Racing Commission ("LSRC") for alleged intentional wrongful refusal to reinstate the jockey's license. The Court reasoned that the LSRC functions analogously to a court when it adjudicates matters such as licensing. Durousseau , 1998-0442, 724 So.2d at 846. The Court explained that "[a]s to a judge of a court, it is well-settled that the judge has an absolute immunity from liability when the judge performs a function that is integral to the judicial process." Id. In comparing administrative adjudication hearings to the judicial process, the Court found the LSRC had quasi-judicial absolute immunity for actions taken in its adjudicatory role regarding the denial of the jockey's license; and accordingly, affirmed the district court's grant of the LRSC's exception of no cause of action. Id. at 847. The Board argues we should reach a similar result in the present matter.
Dr. Llopis, however, contends any immunity to which the Board is entitled is discretionary immunity accorded by La. R.S. 9:2798.1.[6] Dr. Llopis argues that *633 La. R.S. 9:2798.1(C)(2) specifically affords no immunity protection for these alleged malicious acts. Moreover, he argues that, on its face, his Petition states a cause of action based on allegations that the Board violated confidentiality procedures by discussing his application with Dr. Ehrlich from LSUSD. Dr. Llopis emphasizes that the facts alleged in paragraphs 8-11 of his Petition[7] -which generally convey that the Board improperly relayed "the impression" to LSUSD that Dr. Llopis would not be licensed "any time soon"-are malicious acts.
Based on the facts of this case, both immunity defenses offer equivalent qualifiers to their application: La. R.S. 9:2798.1(B) affords immunity for acts within the course and scope of the public entity's lawful duties and Subsection (C) excludes immunity protection for malicious misconduct. A malicious act has been defined as "[a]n intentional, wrongful act done willfully or intentionally against another without legal justification or excuse."[8]
In determining whether acts are criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or show flagrant misconduct for purposes of applying immunity, our courts have found that:
"only the most egregious conduct... that exhibits an active desire to cause harm, or a callous indifference to the risk of potential harm from flagrantly bad conduct, will rise to the level of 'willful misconduct' or 'criminal, willful, outrageous, reckless or flagrant misconduct' resulting in a forfeiture of all the immunity protections" under La. R.S. 9:2789.1(C)(2)."
Haab v. E. Bank Consol. Special Serv. Fire Prot. Dist. , 2013-954 (La. App 5 Cir. 5/28/14), 139 So.3d 1174, 1182. Thus, while a judge has absolute immunity when she performs judicial acts, that immunity does not extend to actions taken outside of judicial capacity and based on malice or corruption. See Alexander v. La. State Board of Private Investigator Examiners , 2015-0537 (La. App. 4 Cir. 2/17/17), 211 So.3d 544, 574 n. 25 (citations omitted).
*634 Disputes regarding whether actions amount to willful or malicious misconduct present questions of law-which are subject to de novo review. See Haab , 2013-954, p. 9, 139 So.3d 1174, 1181. Applying these precepts, we conduct our de novo review by examining Dr. Llopis' Petition from its four corners to determine if the Petition states a cause of action for malicious acts not subject to the defense of immunity.
Upon review, the Petition fails to identify the Board representative who allegedly disclosed information to LSUSD; the Petition fails to state which party initiated contact or the reason for the contact; and the Petition fails to detail any actual conversation between the Board and LSUSD for purposes of determining the propriety of any interaction. Moreover, although Dr. Llopis argues on appeal that the Board acted with malice because the Board falsely communicated his license would not be renewed , the Petition itself alleges that the Board had given his potential employer "the impression" that he was not going to be licensed any time soon .[9]
As noted, supra , Louisiana has a system of fact pleading and mere conclusions unsupported by facts do not state a cause of action. See also Ramey v. DeCaire , 2003-1299, p. 7 (La. 3/19/04), 869 So.2d 114, 118. In the absence of facts pled that the Board purposefully violated any established procedures or time guidelines for license renewals, the Petition's mere allegation that the Board allegedly relayed the impression of a time frame for Dr. Llopis' license renewal does not rise to the level of malice.
In the case sub judice , it is undisputed that the Board was vested with the requisite adjudicatory authority to decide whether or not to re-issue Dr. Llopis' license. Based upon our de novo review, we find the Petition does not state and is devoid of any facts that show the Board acted outside its authority or engaged in egregious, malicious misconduct which would require the Board to forfeit its immunity. The purpose of the immunity defense would be effectively eviscerated if courts allowed plaintiffs to maintain a cause of action by merely stating broadly worded, conclusory allegations. See Lambert v. Riverboat Gaming Enforcement Division , 1998-1856, p. 6 (La. App. 1 Cir. 12/29/97), 706 So.2d 172, 176.
This assignment of error is unpersuasive.
CONCLUSION
The Exception was ripe for review when it was re-urged by the Board. Based upon our de novo review, the district court properly granted the Exception and dismissed Dr. Llopis' Petition.
For the foregoing reasons, we affirm the judgment.
AFFIRMED

Dr. Llopis represents in his appellate brief that his license was eventually renewed in December 2011.

Llopis v. State Bd. of Dentistry , 2012-1286 (La. App. 4 Cir. 9/12/13), 121 So.3d 1280.

La. C.C. P. art. 928(B) provides "[t]he peremptory exception may be pleaded at any stage of the proceeding in the trial court prior to a submission of the case for a decision and may be filed with the declinatory exception or with the dilatory exception, or both."

"The law of the case doctrine embodies the rule that an appellate court will not reconsider its own ruling of law in the same case." Lomont , 2016-436, p. 10, 210 So.3d at 444 (citation omitted).

"Quasi-judicial" is defined by BLACK'S LAW DICTIONARY, 1440 (10th ed. 2014), as: "[o]f, relating to, or involving an executive or administrative official's adjudicative acts."

La. R.S. 9:2798.1 shields public entities from liability for their employees' discretionary or policy-making acts. See Hardy v. Bowie, 1998-2821, p. 10 (La. 9/8/99), 744 So.2d 606, 613. The statute provides in pertinent part:
A. As used in this Section, "public entity" means and includes the state and any of its branches, departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, employees, and political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivisions.
B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties.
C. The provisions of Subsection B of this Section are not applicable:
(1) To acts or omissions which are not reasonably related to the legitimate governmental objective for which the policymaking or discretionary power exists; or
(2) To acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct.

Dr. Llopis cites paragraphs 8-11 of his Petition, which allege in pertinent part:
8.
On November 1, 2010, without any prior notice from the Board, Dr. Llopis received an email from Dr. A. Dale Ehrlich, in the Department of Comprehensive Dentistry & Biomaterials at LSU School of Dentistry, indicating that he (Dr. Ehrlich) had been given "the impression from the State Board that you [i.e. Dr. Llopis] were not going to be licensed any time soon.
9.
The Board had discussed this confidential application with Dr. Ehrlich in violation of the rules governing the application process.
10.
As a result of the communication with the Board, Dr. Ehrlich advised Dr. Llopis, ["]If you cannot get a license, you cannot work for LSUSD." (Email dated November 1, 2010 from Dr. A. Ehrlich, MS, DDS, Chairman, Dept. of Comprehensive Dentistry & Biomaterials, LSU School of Dentistry). After being passed over for the position at LSU Dental School because he was unable to get his Application for Restricted License approved, Dr. Llopis then withdrew his Application for Restricted License and subsequently filed an Application for Licensure by Credentials (from Washington State) with the Board.
11.
It is clear on the face of the e-mail from Dr. A. Dale Ehrlich, in the Department of Comprehensive Dentistry & Biomaterials at LSU School of Dentistry, indicating that he (Dr. Ehrlich) had been given "the impression from the State Board that you [i.e. Dr. Llopis] were not going to be licensed any time soon", that the Board violated its own Rules concerning confidential and privileged information by even alluding to confidential and privileged information to any unauthorized recipient(s) of such information, as clearly Dr. Ehrlich was in this case.

BLACK'S LAW DICTIONARY, 1101 (10th ed. 2014).

Based on the facts claimed in Dr. Llopis' appellate brief, indeed, his license was not renewed "any time soon." The Petition indicates that the Board had contact with LSUSD sometime between October 2010 and November 1, 2010. Dr. Llopis states in his brief that he received his license renewal in December 2011. This representation seemingly contradicts any claim that the Board relayed a false impression as to when the license might be renewed.